(No. 40255.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
HOWARD R. BARNES, Appellant.

*Opinion filed September 24, 1968.*

WARD, J., took no part.

VERNE H. EVANS, of Chicago, appointed by the court for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED

G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and JOHN M. GOLDBERG, Assistant State's Attorneys,
of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

The defendant, Howard R. Barnes, pleaded guilty to a
charge of armed robbery in the circuit court of Cook
County and was sentenced to imprisonment for not less than
four not more than eight years. His petition under the Post-
Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38,
pars. 122—1 *et seq.*) was dismissed upon the State's motion
and he has appealed.

The defendant first went to trial on April 8, 1964.
That trial resulted in a hung jury, and his second trial com-
menced on November 8, 1965. He was represented by his
privately retained attorney. After both sides had rested, but
before the jury was instructed, the defendant's attorney ad-
vised the court that the defendant wished to withdraw his
plea of not guilty and to enter a plea of guilty. When the
judge addressed the defendant and asked whether he
wanted to plead guilty, the defendant answered, "I'm going
along with his [the attorney's] advice." The defendant's
attorney requested a short recess, after which the defend-
ant, when questioned by the judge, unequivocally stated
that he desired to plead guilty. The plea was then accepted,
the jury was discharged, and sentence was imposed.

On February 8, 1966, the defendant filed his post-
conviction petition. He alleged that his plea of guilty was
coerced because he had been advised by his counsel "that
if he is found guilty, by jury they (the court) was going
to bury him down in the penitentiary." In addition, he as-
serted that his rights were violated because one witness for
the prosecution did not make a positive identification and
another witness "did not pick him out from a lineup" but

identified him while he "was in the custody of two male Caucasian court bailiffs, making it, very obvious to all present, who the suspected robber was."

On February 9, 1966, the public defender was appointed to represent the defendant on his post-conviction petition. An amended petition was filed by the defendant on February 17, 1966. Like the first petition, it was prepared without the aid of an attorney. The amended petition alleged that the "information did not charge an offense, because of its failure to sufficiently allege time and place of offense."

The State's motion to dismiss the defendant's petition was allowed. Thereafter the defendant filed an additional petition in the circuit court, in which he alleged that, with the exception of a letter informing him that the public defender had been appointed to represent him, no one from that office had communicated with him about his petition until he received a letter advising him that it had been dismissed.

What we recently said concerning the duties of an attorney appointed to represent an indigent prisoner in a post-conviction proceeding is pertinent here: "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court." *People v. Slaughter,* 39 Ill.2d 278, 285.

The judgment dismissing the post-conviction petition is

reversed, and the cause is remanded to the circuit court of Cook County.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.