(No. 40850.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
DAVID E. FORD, Appellant.

*Opinion filed September 24, 1968.*

WARD, J., took no part.

ROBERT S. ATKINS, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOHN M. GOLDBERG, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In a 1964 bench trial, petitioner, David E. Ford, was convicted of involuntary manslaughter and sentenced to imprisonment for a term of not less than five nor more than ten years. On appeal, his conviction was affirmed by the appellate court. (*People* v. *Ford,* 56 Ill. App. 2d 153.) Subsequently, on October 20, 1966, he filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, pars. 122—1 *et seq.*), alleging certain violations of his constitutional rights. The State moved to

dismiss this petition on the basis of its legal insufficiency. Following a hearing, wherein petitioner was represented by an assistant public defender, the trial court sustained the State's motion and dismissed the petition. Notice of appeal was filed and this court, pursuant to petitioner's motion, appointed counsel to represent him on appeal.

After consultation with petitioner, appeal counsel drafted a verified amended petition and moved for leave to file this petition *instanter* and for an order remanding the cause to the circuit court for hearing. We denied this motion and petitioner has appended both the motion and the amended petition to his appeal brief.

To secure reversal of the trial court's order dismissing his petition, petitioner, in essence, contends that his representation at the post-conviction proceeding was so inadequate as to amount to no representation at all. He argues, citing *People* v. *Slaughter,* 39 Ill.2d 278, that the right to counsel in these proceedings requires that legal assistance be provided, when indicated, "in connection with his preparation of a post-conviction petition and/or any amendments thereof", and that he did not receive such assistance. In *Slaughter,* a *pro se* post-conviction petition had been filed which, while couched in legal terminology, was incomprehensible. Counsel who appeared on behalf of the petitioner made no attempt to consult him with respect to amending the petition and it was consequently dismissed pursuant to the State's motion. In reversing this order of dismissal, we stated at p. 285: "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its

function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court." The record in the present case establishes that the assistant public defender neither consulted with petitioner concerning his allegations of error nor resisted, by means of oral or written argument, the State's motion to dismiss. As such, the standards of representation announced in *Slaughter* were not met, necessitating that the judgment of dismissal be reversed and the cause remanded to the circuit court to allow filing of the amended petition.

The State urges, however, that no purpose would be served by such remandment in this case because the allegations set forth in the amended petition do not raise constitutional issues within the purview of the Post-Conviction Hearing Act or are barred by the doctrine of *res judicata*. Inasmuch as defendant was not permitted to file his amended petition, its sufficiency cannot be considered by us. The judgment of the circuit court of Cook County is therefore reversed and the cause remanded for the purpose of proceeding in accordance with the views herein expressed.

*Reversed and remanded,*
*with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.