(No. 41581.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
LUTHER JONES, Appellant.

*Opinion filed September 26, 1969.*

JOSEPH R. LOWERY, of POPE AND DRIEMEYER, of East St. Louis, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville, (FRED G. LEACH, Assistant Attorney General, and JOSEPH B. McDONNELL, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

Luther Jones, the defendant, on October 6, 1965, pleaded guilty in the circuit court of St. Clair County to a charge of theft from the person and was sentenced to the penitentiary for a term of 9 to 10 years. On October 27, 1967, acting *pro se* he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) in which he requested that counsel be appointed to represent him. On December 8, 1967, continuing to act *pro se,* he filed an amended petition, and on December 19, 1967, counsel was appointed to represent him.

Thereafter, on January 24, 1968, the trial court noted

an appearance by defendant's attorney, and entered an order denying the defendant's petition. A "reply" to the defendant's amended petition was filed in the circuit clerk's office by the State on February 2, 1968, and a second order of the trial court denying the petition was then also filed, but it was dated January 24, 1968. This order noted that counsel for both sides had been present and that argument had been heard prior to the denial of the petition. No transcript of any proceeding appears in the record. On February 1, 1968, the defendant had sent a letter from the penitentiary, which is part of the record, to his attorney in which, besides discussing the allegations of his *pro se* petition and offering citations of cases he believed to be pertinent, he stated: "the court informs me you were appointed to represent my Post Conviction Act Petition. * * * I would appreciate hearing your views and discussing the pattern of injustice inflicted upon me * * *."

The defendant complains that the legal representation he received in the post-conviction proceeding, as shown by the record, was so deficient as to deny him the representation by counsel contemplated by the Post-Conviction Hearing Act.

Our statement in *People* v. *Slaughter*, 39 Ill.2d 278, at p. 285, regarding the responsibilities of an attorney representing an indigent prisoner in a post-conviction proceeding, was: "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those com-

plaints into appropriate legal form and presents them to the court."

The attorney designated by the court to represent the defendant did not consult with him concerning his grievances prior to the hearing and thereby failed to discharge an elementary responsibility of representation. The defendant was not provided the benefit of counsel required under our view of the Post-Conviction Hearing Act. See: *People v. Barnes*, 40 Ill.2d 383, 385; *People v. Ford*, 40 Ill.2d 440; *People v. Craig*, 40 Ill.2d 466; *People v. Tyner*, 40 Ill.2d 1; *People v. Wilson*, 40 Ill.2d 378; *People v. Slaughter*, 39 Ill.2d 278.

The State's argument that in any event the trial court did properly dismiss the petition, as its allegations were insufficient to raise a constitutional issue and it could not be made sufficient by amendment, does not persuade. We have held it to be error to dismiss a post-conviction petition on the pleadings, as occurred here, where there has been inadequate representation by counsel, though the *pro se* petition itself fails to present a substantial constitutional claim. *People v. Tyner*, 40 Ill.2d 1; see, *People v. Wilson*, 40 Ill.2d 378, 382; see also *People v. Ford*, 40 Ill.2d 440; *People v. Barnes*, 40 Ill.2d 383.

Accordingly, the judgment of the circuit court of St. Clair County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*