(No. 42333.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LOUIS DEFOREST LACEY, Appellant.

*Opinion filed September 29, 1970.*

LOUIS DEFOREST LACEY, *pro se.*

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment in the circuit court of Monroe County denying petitioner Louis Deforest Lacey's *pro se* post-conviction petition.

On July 12, 1967, at 2:30 A.M., petitioner was arrested and charged with the crimes of burglary and theft. At 3:30 A.M., he gave to the investigating police officers a written statement which amounted to a confession. That same day counsel was appointed for petitioner, he waived grand jury indictment and right to jury trial, and pleaded guilty to both charges. Pending pre-sentence investigation, the hearing in aggravation and mitigation was deferred until August 17, 1967, at which time petitioner's criminal record and his explanation thereof were introduced. He was then sentenced to a term of from 10 to 12 years on the burglary charge and from 5 to 10 years on the theft charge, both sentences to run concurrently.

On October 27, 1967, petitioner filed a post-conviction

petition in which he alleged that his rights under the fifth, sixth, eighth and fourteenth amendments to the constitution of the United States and sections 2, 8 and 9 of article II of the constitution of the State of Illinois had been violated. He specifically alleged that he received inadequate representation at trial in that counsel did not object to the introduction of evidence of his prior criminal record at the hearing in aggravation and mitigation; that counsel did not make any objections at the trial; that counsel conferred with him on only one occasion and then for "but a few minutes", and that little or no time was spent in discussing the charges against him.

On January 4, 1968, counsel was appointed to represent petitioner in the post-conviction proceeding and the cause was set for hearing on January 22, 1968. On January 8, 1968, counsel withdrew Lacey's case file from the circuit court clerk's office for examination. Although the petition was inarticulate and totally devoid of support, it was not amended. The State filed its answer denying that any of petitioner's constitutional rights had been denied him.

At the hearing, petitioner's counsel stated to the court: "I have gone over this Record very carefully and * * * it is very clear that the defendant here entered a voluntary plea of guilty. He waived a jury trial and at that time he was represented by counsel appointed by this Court. * * * The record shows that he was advised of his constitutional rights before he entered a plea of guilty. The matters he is complaining about are matters which occurred after the plea of guilty was entered and there was a hearing on his plea. He said he had incompetent counsel, failed to object to anything and asked the defendant here to testify on matters which appeared in the probation officer's report. The point about that is, this wasn't considered by the Court to find him guilty, he already admitted he was guilty. In addition to that, before he took the stand he was warned he didn't have to testify but he still persisted in testifying."

Counsel asserted that the only fact which he thought "should have been given some consideration by [the] court," was the severity of the sentence imposed on petitioner. The court denied the petition.

On March 10, 1969, petitioner forwarded a letter to the clerk of the court stating that he was notified on February 2, 1968, of the disposition of his post-conviction petition but that he was not advised of his right to appeal from that judgment (see Rule 651, 36 Ill.2d 182-183). He informed the clerk of his intention to file a notice of appeal; requested a free copy of the transcript of proceedings and the appointment of counsel.

Apparently considering petitioner's letter as a notice of appeal, the court appointed new counsel to represent Lacey on the appeal from the denial of the post-conviction petition. On May 2, 1969, appointed counsel filed *praecipe* for record on appeal. On June 24, 1969, counsel then filed a motion in this court requesting that the appeal be dismissed and the judgment of the circuit court affirmed inasmuch as he found no appealable issues. We treated this as counsel's motion to withdraw and allowed it on September 18, 1969. Petitioner was then given leave to file briefs and proceed *pro se*. In his brief, Lacey claims he was not advised of his right to appeal from the judgment of conviction or from the denial of his post-conviction petition; that he did not receive adequate representation from his court-appointed counsel in the proceedings in that neither of them communicated with him.

In *People* v. *Slaughter*, 39 Ill.2d 278, 285, we held that the sections of the Post-Conviction Hearing Act relating to the appointment of counsel for indigent prisoners and for amendment to or withdrawal of petitions (Ill. Rev. Stat. 1969, ch. 38, pars. 122—4, 122—5) were included because it was anticipated that most petitions would be filed *pro se;* and that "the statute contemplated that the attorney appointed to represent an indigent petitioner would consult

with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the petitioner's constitutional contentions." See *People* v. *Hawkins,* 44 Ill.2d 296, 298; *People* v. *Watson,* 43 Ill.2d 108; *People* v. *Garrison,* 43 Ill.2d 121; *People* v. *Jones,* 43 Ill.2d 160; *People* v. *Tyner,* 40 Ill.2d 1; *People* v. *Wilson,* 40 Ill.2d 378; *People* v. *Barnes,* 40 Ill.2d 383; *People* v. *Craig,* 40 Ill.2d 466; see also Illinois Supreme Court Rule 651, 43 Ill.2d R. 651.

We find in this case that petitioner has presented us with a complete record of all proceedings had from the inception of his arrest to the filing of his plea for executive clemency. In this record he admits his guilt and the facts and circumstances of the crime for which he stands convicted. And our review of the trial transcript clearly establishes that petitioner was adequately represented and understandingly and voluntarily pleaded guilty.

Finding no error, we affirm the circuit court.

*Judgment affirmed*