THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT F. MILLIGAN, Defendant-Appellant.

(No. 71-232;

Fifth District—February 27, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Montgomery County dismissing defendant's *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, par. 122—1 *et seq.*). The sole point at issue is whether the representation of defendant's court-appointed counsel can be considered adequate where, prior to the hearing, counsel failed to discuss defendant's grievances with him either in person or by mail.

It is conceded that counsel did not consult with defendant. However, the State points out that he did examine the record and interview defendant's trial counsel, and that he then directed a letter to the judge detailing the facts and the law and concluding that in his judgment the grounds alleged by defendant in his *pro se* petition were insufficient to constitute a deprivation of his constitutional rights. This, the State contends, demonstrates a substantial effort by counsel on defendant's behalf, and that his failure to consult with defendant was a mere technicality not required by the Act. We cannot agree.

The identical point at issue is covered by Supreme Court Rule 651(c) (Ill. Rev. Stat., ch. 110A, sec. 651(c)), wherein it is provided:

> "\* \* \* The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, *that the attorney has consulted with petitioner either by mail or in person* to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions." (Emphasis added.)

■■ As stated in the Committee Comments this provision was added to the Rule to implement previous decisions of the Illinois Supreme Court with respect to the responsibilities of an attorney representing an indigent prisoner in a post-conviction proceeding. In *People v. Slaughter*, 39 Ill.2d 278, it was stated, "\* \* \* To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately represented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person \* \* \*." In *People v. Garrison*, 43 Ill.2d 121, the court stated, "\* \* \* The Post-Conviction Hearing Act provides for the appointment of counsel for indigent prisoners and, unless proper representation is afforded, the appointment of an attorney is but

an empty formality. To give benefit of counsel plainly requires the appointed attorney to discuss the grievances of a petitioner with him. * * * A failure to confer is, in a typical appointment, a failure to observe even a minimal professional standard." In *People v. Jones*, 43 Ill.2d 160, it was stated that a failure to consult with a defendant not only constitutes inadequate representation, but that such inadequate representation in itself requires a reversal even though the *pro se* petition fails to present a substantial constitutional claim.

■■ The facts in the case before us present a prime example of the reason for the rule. In effect, as indicated by his letter, counsel ignored petitioner and assumed the function of a law clerk to the court and not that of an attorney representing his client. Under such circumstances it can hardly be said that defendant was afforded even minimal professional assistance.

The judgment of the Circuit Court of Montgomery County is reversed and the cause is remanded for the appointment of new counsel and for such further proceedings as may be appropriate.

Reversed and remanded with directions.

EBERSPACHER and CARTER, JJ., concur.