Docket No. 100499.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EDWIN SUAREZ, Appellant.

*Opinion filed January 19, 2007.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, and Karmeier concurred in the judgment and opinion.

Justice Burke took no part in the decision.

## OPINION

Following a jury trial in December 1987 before the circuit court of Cook County, defendant Edwin Suarez was convicted of first degree murder and three counts of attempt (first degree murder). The circuit court imposed a 40-year prison sentence for the murder conviction, concurrent sentences of 15 years' imprisonment on two of the three attempt (first degree murder) counts, and a 15-year sentence on the third count, to be served consecutively to the 40-year sentence. Defendant's convictions and sentences were affirmed on appeal. *People v. Suarez*, 238 Ill. App. 3d 110 (1991). In November 1993, private counsel filed a postconviction petition on defendant's behalf, alleging ineffective assistance of trial counsel. The circuit court granted the State's motion to dismiss the petition as untimely filed.

This decision was affirmed by the appellate court. *People v. Suarez*, No. 1–94–4391 (1995) (unpublished order under Supreme Court Rule 23).

In November 2000, defendant filed a *pro se* petition, in which he alleged that the statute under which he was sentenced violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The petition proceeded to second-stage review and the circuit court appointed counsel for defendant. Counsel filed a supplemental petition. That petition was dismissed on the State's motion. Counsel did not file a certificate under Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). The appellate court affirmed. No. 1–04–0696 (unpublished order under Supreme Court Rule 23). We granted defendant leave to appeal. 177 Ill. 2d R. 315.

## BACKGROUND

Defendant and a codefendant were tried together before separate juries. The codefendant's jury convicted him of first degree murder and acquitted him of all attempt charges. The codefendant received a 40-year prison sentence.

Defendant's 15-year consecutive sentence on one count of attempt (first degree murder) was imposed under section 5–8–4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005–8–4(b), now 730 ILCS 5/5–8–4(b) (West 2004)). At the time defendant committed the offenses of which he was convicted, that section prohibited the circuit court from imposing a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, the court was of the opinion that such a term is required to protect the public from further criminal conduct by the defendant. The circuit court made the necessary finding at defendant's sentencing hearing and imposed the consecutive sentence. In his petition, defendant argued that because the sentencing statute permitted the judge to make the finding, rather than a jury, the statute was unconstitutional under *Apprendi* and his consecutive sentence was therefore void.

The *pro se* petition filed by defendant in November 2000 was brought under section 2–1401 of the Code of Civil Procedure (735 ILCS 5/2–1401 (West 2000)). The circuit court treated the petition as

a postconviction petition and appointed counsel for defendant. Counsel filed a supplemental petition in September 2002. That petition realleged defendant's *Apprendi* claim and added a second claim, *i.e.*, that defendant's three convictions for attempt (first degree murder) should be vacated because they were inconsistent with the acquittal of his codefendant on the same charges. The circuit court granted the State's motion to dismiss the petition. The appellate court affirmed. Defendant's only argument in the appellate court was that the cause must be remanded because postconviction counsel failed to file a certificate of compliance with Rule 651(c) and the record failed to demonstrate compliance. The appellate court concluded that the failure to comply was harmless error because defendant's postconviction claims were without merit as a matter of law. Thus, the court reasoned, no amount of reviewing the record, communicating with defendant, or amending the *pro se* petition would have prevented the rejection of defendant's claims.

## ANALYSIS

### I

Because the question presented in this appeal concerns the proper interpretation of a supreme court rule, our review is *de novo*. *People v. Henderson*, 217 Ill. 2d 449, 458 (2005). In addition, when a postconviction petition is dismissed without an evidentiary hearing, the standard of review is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

### II

We first address the State's argument that the record in this case demonstrates that postconviction counsel fulfilled the duties mandated by Rule 651(c), despite the fact that she did not file a certificate of compliance.

There is no constitutional right to the assistance of counsel in postconviction proceedings; the right to counsel is wholly statutory (see 725 ILCS 5/122-4 (West 2000)), and petitioners are only entitled to the level of assistance provided for by the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq.* (West 2000)); *People v. Turner*, 187 Ill. 2d 406, 410 (1999). The Act provides for a reasonable level

of assistance. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). To ensure that postconviction petitioners receive this level of assistance, Rule 651(c) imposes specific duties on postconviction counsel. The rule provides as follows:

> "Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

Defendant argues the record does not demonstrate that counsel consulted with defendant to ascertain his contentions of constitutional deprivation. The State argues that by considering the supplemental petition together with counsel's obligations under Supreme Court Rule 137 (155 Ill. 2d R. 137), it may be inferred that counsel fulfilled the consultation requirement of the rule. Rule 137 requires attorneys to certify that they have made "reasonable inquiry" into the basis for pleadings signed by them and provides sanctions for violation of the rule. According to the State, this duty, coupled with the fact that postconviction counsel added a new claim of inconsistent verdicts in the supplemental petition, raises a presumption that counsel did, in fact, consult with defendant. The State further asserts that the burden should be on defendant to rebut this presumption. In support, the State cites *People v. Greer*, 212 Ill. 2d 192 (2004). In *Greer*, the issue was whether postconviction counsel may seek to withdraw as counsel due to a petition's lack of merit. This court determined that such a procedure was permissible, noting that under Rule 137 counsel could not ethically pursue claims that were frivolous and patently without merit. *Greer*, 212 Ill. 2d at 209.

As applied to the instant case, the State argues that postconviction counsel could not have fulfilled the "reasonable inquiry" requirement of Rule 137 and prepared a supplemental petition that was well grounded in fact without consulting with defendant. However, the supplemental petition simply realleged defendant's *Apprendi* claim in more detail and made legal arguments that were lacking in the *pro se* petition. In support of the new claim of inconsistent verdicts, counsel made only a general allegation that the evidence before the two juries concerning the attempted murder charges was the same. The supplemental petition based this allegation on the appellate court opinion that affirmed defendant's convictions. Nothing in the supplemental petition suggests that counsel consulted with defendant in preparing the petition. Further, *Greer* does not support the State's argument that a presumption of consultation should arise from the mere amendment of a *pro se* postconviction petition. *Greer* did not raise any issue of compliance with Rule 651(c), nor did it discuss that rule in conjunction with Rule 137. Accordingly, we reject the State's argument that compliance was shown in this case and that any presumption of compliance with the consultation requirement is raised by the amendment of the *pro se* petition or the filing of a supplemental petition.

### III

We now turn to defendant's argument that the appellate court erred in finding that postconviction counsel's failure to comply with Rule 651(c) constituted harmless error.

Within 90 days of the filing and docketing of a *pro se* petition for postconviction relief, the circuit court is to examine the petition. If the court determines that the petition is frivolous or is patently without merit, it shall dismiss the petition. If the petition is not dismissed within the 90-day period, the circuit court must order the petition docketed for further consideration. 725 ILCS 5/122–2.1(a), (b) (West 2000). The circuit court may thereafter appoint counsel if the petitioner requests counsel and is indigent. 725 ILCS 5/122–4 (West 2000). Within 30 days of the docketing of the petition under section 122–2.1(b) of the Act, the State must file an answer to the petition or move to dismiss it. 725 ILCS 5/122–5 (West 2000).

-5-

At the time defendant's *pro se* postconviction petition was filed, this court had not determined whether *Apprendi* applied in postconviction proceedings. Accordingly, defendant's petition stated the gist of a constitutional claim and qualified for second-stage review and the appointment of counsel. While defendant's postconviction proceedings were pending, however, this court filed its decision in *People v. De La Paz*, 204 Ill. 2d 426 (2003), holding that *Apprendi* does not apply in collateral proceedings. In the meantime, however, postconviction counsel filed a supplemental petition that realleged defendant's *Apprendi* claim and added another claim regarding inconsistent verdicts. The State argues that application of harmless error review to this case is appropriate because counsel could do nothing to shape defendant's noncognizable *Apprendi* claim into a meritorious issue. Accordingly, it would be a waste of judicial resources to remand this cause for compliance with Rule 651(c). Defendant, on the other hand, argues that this court should not depart from its precedent that has insisted on compliance with Rule 651(c), regardless of the merits of the *pro se* petition.

In affirming the dismissal of defendant's petition on the basis of harmless error, the appellate court followed the reasoning of *People v. Sargent*, 357 Ill. App. 3d 946 (2005), a First District case. The postconviction petitioner in *Sargent* raised an *Apprendi* claim in a *pro se* petition filed in 2001. The petition proceeded to second-stage review and counsel was appointed. Subsequently, the circuit court dismissed the petition in light of this court's decision in *De La Paz*. The appellate court affirmed the dismissal, finding postconviction counsel's failure to comply with the requirements of Rule 651(c) to be harmless error. The court noted that the question presented was one purely of law. According to the court, "no amount of scouring the record, nor multiple meetings with petitioner, nor any amendment of the petition, could have saved the *Apprendi* claim from ultimate dismissal." *Sargent*, 357 Ill. App. 3d at 953. A case from the Third District has also affirmed the dismissal of a postconviction petition on the basis of harmless error where counsel failed to comply with Rule 651(c). In *People v. Oakes*, 355 Ill. App. 3d 748 (2005), as in *Sargent* and the instant case, the defendant filed a *pro se* petition whose sole claim was that his sentence violated the rule of *Apprendi*. The record contained no showing that appointed counsel had consulted with the

defendant; despite this, the appellate court found the error to be harmless. *Oakes*, 355 Ill. App. 3d at 750.

As this court has noted, in granting a right to counsel for *pro se* petitioners whose petitions are not dismissed at the first stage of postconviction proceedings, the legislature recognized that most postconviction petitions would be filed by *pro se* prisoners who lacked the assistance of counsel in framing their petitions. *People v. Slaughter*, 39 Ill. 2d 278, 285 (1968). The duties imposed on postconviction counsel serve to ensure that the complaints of a prisoner are adequately presented. To that end, the statute envisioned that counsel would consult with the prisoner either by mail or in person, ascertain his alleged grievances, examine the record of proceedings at the trial, and amend the *pro se* petition, if necessary. "The statute cannot perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court." *Slaughter*, 39 Ill. 2d at 285. Rule 651(c) was promulgated by this court to implement its decision in *Slaughter*, as well as its decisions in *People v. Jones*, 43 Ill. 2d 160 (1969) (failure to consult is a failure to discharge an elementary responsibility of representation), and *People v. Garrison*, 43 Ill. 2d 121 (1969) (holding that a failure to confer does not meet even a minimal professional standard and necessitates reversal). 134 Ill. 2d R. 651(c), Committee Comments.

This court has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit. See, *e.g.*, *People v. Wales*, 46 Ill. 2d 79 (1970); *People v. Barnes*, 40 Ill. 2d 383 (1968); *People v. Ford*, 40 Ill. 2d 440 (1968); *People v. Wilson*, 40 Ill. 2d 378 (1968); *People v. Craig*, 40 Ill. 2d 466 (1968); *People v. Tyner*, 40 Ill. 2d 1 (1968). In *Jones*, this court rejected the State's argument that the circuit court properly dismissed the petition because its allegations were insufficient to raise a constitutional issue and it could not be made sufficient through amendment. The court noted its prior holdings that it is error to dismiss a postconviction petition on the pleadings where there has been inadequate representation by counsel:

"We have held it to be error to dismiss a post-conviction petition on the pleadings, as occurred here, where there has been inadequate representation by counsel, though the *[p]ro se* petition itself fails to present a substantial constitutional claim." *Jones*, 43 Ill. 2d at 162.

In *People v. Brown*, 52 Ill. 2d 227 (1972), the record failed to show that postconviction counsel had examined the transcript of proceedings. The State argued on appeal that an examination of the transcript would not have benefitted the defendant because all errors found therein were either *res judicata* or waived. This court noted that fundamental fairness may require the review of waived issues. In addition, the court noted:

"[T]he purpose underlying Rule 651(c) is not merely formal. It is to ensure that all indigents are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act. [Citation.] The fulfillment of this design would not be encouraged were we to ignore the rule's nonobservance in those cases appealed to this court." *Brown*, 52 Ill. 2d at 230.

More recent decisions have not departed from this principle. In *People v. Johnson*, 154 Ill. 2d 227 (1993), this court refused to speculate whether the circuit court *might* have dismissed the defendant's postconviction petition on grounds other than the failure to attach supporting affidavits, as there was no evidence in the record that the circuit court *did* dismiss the petition on such grounds:

"The trial court here concluded that the allegations in the petition relating to counsel's performance at trial did not warrant an evidentiary hearing. It is entirely possible that the trial court would have reached this same conclusion even if counsel had contacted the witnesses named in the petition and attached affidavits in support of the post-conviction claims. We cannot simply presume, however, that the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c). It is the duty of the trial court, and not this court, to determine on the basis of a complete record whether the post-conviction claims require an evidentiary hearing." *Johnson*, 154 Ill. 2d at 246.

Again, in *People v. Turner*, 187 Ill. 2d 406 (1999), this court rejected the State's argument that the postconviction petitioner was not prejudiced by his counsel's deficiencies because the claims in the *pro se* petition lacked merit. We held that, "[o]n a more fundamental level, it is improper to affirm the dismissal of a post-conviction petition when this court finds that post-conviction counsel's performance was so deficient that it amounts to virtually no representation at all." *Turner*, 187 Ill. 2d at 415-16. Counsel in that case had not consulted with petitioner, examined pertinent portions of the record, or amended the *pro se* petition. This court rejected the State's harmless error argument, refusing to speculate on whether the circuit court would have dismissed the petition without an evidentiary hearing had counsel adequately performed his duties under Rule 651(c). *Turner*, 187 Ill. 2d at 416.

Our recent decision in *People v. Lander*, 215 Ill. 2d 577 (2005), illustrates the importance of compliance with the requirements of Rule 651(c). In *Lander*, the defendant filed a *pro se* postconviction petition, alleging ineffective assistance of counsel. The petition advanced to the second stage and counsel was appointed. The circuit court dismissed the petition as untimely. Counsel did not file a Rule 651(c) certificate and the record did not show compliance. The appellate court held that no showing of compliance was required because counsel had no obligation to consult with the defendant regarding his claims of constitutional deprivation until the time bar was overcome. This court disagreed, noting that the State had the ability to waive the time requirement if the petition demonstrates a substantial deprivation of the defendant's constitutional rights. Thus, postconviction counsel must fulfill the duties imposed by the rule to present the defendant's constitutional claims. *Lander*, 215 Ill. 2d at 585.

The State would have us overrule decades of precedent to affirm the appellate court. This necessarily implicates the principle of *stare decisis*, which we recently discussed in *People v. Sharpe*, 216 Ill. 2d 481 (2005):

> "Overruling a decision of this court, let alone an entire body of case law, necessarily implicates *stare decisis* principles. With regard to *stare decisis*, this court recently observed the following:
>
>> 'The doctrine of *stare decisis* "expresses the policy of

the courts to stand by precedents and not to disturb settled points." *Neff v. George*, 364 Ill. 306, 308-09 (1936), overruled on other grounds *by Tuthill v. Rendelman*, 387 Ill. 321 (1944). This doctrine "is the means by which courts ensure that the law will not merely change erratically, but will develop in a principled and intelligible fashion." *Chicago Bar Ass'n v. Illinois State Board of Elections*, 161 Ill. 2d 502, 510 (1994). *Stare decisis* enables both the people and the bar of this state "to rely upon [this court's] decisions with assurance that they will not be lightly overruled." *Moehle v. Chrysler Motors Corp.*, 93 Ill. 2d 299, 304 (1982).

To be sure, *stare decisis* is not an inexorable command. *Chicago Bar Ass'n*, 161 Ill. 2d at 510; *Payne v. Tennessee*, 501 U.S. 808, 842, 115 L. Ed. 2d 720, 746, 111 S. Ct. 2597, 2617 (1991) (Souter, J., concurring). However, we have consistently held that any departure from *stare decisis* must be specially justified (*Chicago Bar Ass'n*, 161 Ill. 2d at 510) and that prior decisions should not be overruled absent "good cause" (*Moehle*, 93 Ill. 2d at 304; *Heimgaertner v. Benjamin Electric Manufacturing Co.*, 6 Ill. 2d 152, 166-67 (1955)) or "compelling reasons" (*Moehle*, 93 Ill. 2d at 304; *People v. Robinson*, 187 Ill. 2d 461, 463-64 (1999)). \*\*\* In sum, "when a rule of law has once been settled, contravening no statute or constitutional principle, such rule ought to be followed unless it can be shown that serious detriment is thereby likely to arise prejudicial to public interests." *Maki*, 40 Ill. 2d at 196; see also *Heidenreich v. Bremner*, 260 Ill. 439, 450-51 (1913).' *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81-82 (2004)." *Sharpe*, 216 Ill. 2d at 519-20.

In attempting to make its case for the overruling of our precedent regarding compliance with Rule 651(c), the State draws a distinction between prior cases where we have rejected its arguments advocating a harmless error analysis and the instant case. In those past cases, the State says, the claims raised were potentially meritorious; in contrast, defendant's *Apprendi* claim, like the claims raised in the *Sargent* and *Oakes* cases, is not cognizable and nothing counsel could do would

make the claim meritorious. However, this case does not present the clear-cut situation the State describes. Postconviction counsel filed a supplemental petition and added a claim concerning alleged inconsistent verdicts. The appellate court found that the claim was meritless based upon our decision in *People v. Jones*, 207 Ill. 2d 122 (2003). That case concerned allegedly inconsistent verdicts against the same defendant. This court held there that a defendant may no longer challenge a conviction on the sole basis that it is inconsistent with that same defendant's acquittal on another charge. *Jones*, 207 Ill. 2d at 134-35. The issue raised by postconviction counsel in the amended petition, however, concerned alleged inconsistent verdicts as between defendant and his codefendant. Curiously, neither defendant nor the State makes any argument in their respective briefs concerning the potential viability of this issue. We express no opinion on the viability of this claim; we raise the matter only to show that the State's assertion that this case concerns only the *pro se Apprendi* claim is inaccurate.

Our analysis, however, does not depend upon whether the *pro se* or supplemental petitions in this case did or did not contain potentially meritorious issues. Our Rule 651(c) analysis has been driven, not by whether a particular defendant's claim is potentially meritorious, but by the conviction that where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized. See *Brown,* 52 Ill. 2d at 230 ("[T]he purpose underlying Rule 651(c) is not merely formal. It is to ensure that all indigents are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act. [Citation.] The fulfillment of this design would not be encouraged were we to ignore the rule's nonobservance in those cases appealed to this court"); *Jones*, 43 Ill. 2d at 162 (failure to consult with postconviction petitioner is a failure to discharge an elementary responsibility of representation). We have consistently declined the State's invitation to excuse noncompliance with the rule on the basis of harmless error. We have refused to address questions that are properly determined in the first instance by the circuit court. The State presents no new persuasive arguments that would justify departing from our prior case law. Accordingly, we decline to hold that noncompliance with Rule 651(c) may be excused

-11-

on the basis of harmless error.

## CONCLUSION

For the reasons stated, we hold that the appellate court erred in applying a harmless error analysis where no compliance with Rule 651(c) was shown. Such compliance must be shown regardless of whether the claims made in the *pro se* or amended petition are viable. Accordingly, we reverse the judgment of the appellate court and remand this cause to the circuit court for the purpose of demonstrating compliance with Rule 651(c). We overrule the appellate court decisions in *Sargent* and *Oakes* to the extent those cases are in conflict with our holding.

*Appellate court judgment reversed;*
*cause remanded.*

JUSTICE BURKE took no part in the consideration or decision of this case.