NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180209-U

NO. 4-18-0209

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 20, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JESSE W. TATMAN, | ) | No. 17CF602 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court erred by refusing to consider defendant's posttrial claims of
ineffective assistance of counsel.

¶ 2    After his conviction for aggravated domestic battery and domestic battery,
defendant, Jesse W. Tatman, hired new counsel and filed an amended motion for a new trial,
asserting he was denied the effective assistance of counsel during trial. The trial court failed to
address defendant's ineffectiveness claim, observing the issues raised in the motion were issues
that could be raised in a postconviction petition. Defendant appeals, arguing the court's ruling
contradicts established Illinois case law demonstrating claims of ineffective assistance of counsel
must be raised before and considered by the trial court. We agree with defendant and reverse and
remand.

¶ 3                                                  I. BACKGROUND

¶ 4            In May 2017, defendant was charged with the aggravated domestic battery (720

ILCS 5/12-3.3(a-5) (West 2016)) and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)) of

his former girlfriend, Jennifer Faure. After a jury trial, defendant was found guilty of both

charges. The facts of the offenses and the trial are unnecessary to the resolution of this appeal;

we need not provide a summary here.

¶ 5            In July 2017, defendant, represented by Senior Assistant Public Defender George

Vargas, filed a motion for acquittal or, in the alternative, a motion for a new trial. No allegations

of ineffective assistance were raised in this motion. Approximately one month later, the

Champaign County public defender withdrew as defendant's counsel; Brian E. King appeared on

defendant's behalf.

¶ 6            On February 20, 2018, at defendant's sentencing hearing, King called to the trial

court's attention the fact he had, that day, filed an amended motion for a new trial on defendant's

behalf. In the amended motion, defendant alleged trial counsel was ineffective for failing to call

six material witnesses, whose names were provided. Defendant further alleged counsel was

ineffective in not communicating with defendant. Defendant asserted he spoke to trial counsel

twice by phone and no in-person visit occurred. Defendant alleged he informed trial counsel a

video from Carle Hospital of the night of the alleged offenses would have contained material

evidence to be used at trial, but the video was not requested by counsel. Defendant was not

aware the case was going to trial until the morning of trial. In addition, defendant stated he

informed trial counsel that "Juror #65 was a prior drug counselor" for defendant and defendant

was uncomfortable with his selection as a juror, but trial counsel permitted that juror to be

selected.

¶ 7        The trial court did not address defendant's ineffectiveness claims, ruling as follows: "Well[,] basically these are issues that could be taken up in a post[ ]conviction petition. I will note they are on file. The Court has considered them. And again there are—there's a venue for that type of a proceeding." The court sentenced defendant to nine years' imprisonment.

¶ 8        This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, defendant argues the trial court erred by ruling it was not the proper venue for defendant's ineffective-assistance-of-counsel claims. According to defendant, Illinois law establishes the trial court is the appropriate venue for ineffective-assistance-of-counsel claims and the trial court erred by denying his claim without conducting a hearing and permitting evidence. In support, defendant points to the Fifth District's decision in *People v. Shamhart*, 2016 IL App (5th) 130589, ¶ 36, 55 N.E.3d 753, in which the court held the defendant was entitled to present evidence in support of his posttrial ineffectiveness claims.

¶ 11        The State does not dispute the premise of defendant's contention that trial courts should address posttrial motions based on claims of ineffective assistance of trial counsel rather than reserve such claims for review under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2016)). Instead, the State argues only the trial court's denial of the motion was proper as defendant failed to attach affidavits or supporting evidence to his amended motion for a new trial. In support, the State relies on two cases: *People v. Brandon*, 157 Ill. App. 3d 835, 845, 510 N.E.2d 1005, 1011 (1987), and *People v. Boyce*, 51 Ill. App. 3d 549, 563, 366 N.E.2d 914, 924 (1977).

¶ 12        On appeal, defendant's claim he is entitled to a hearing on his claims of ineffective assistance is a question of law. We review questions of law *de novo*. *People v. Cavette*, 2018 IL App (4th) 150910, ¶ 16, 118 N.E.3d 699.

¶ 13        We begin with the State's contention we can affirm based on defendant's failure to attach affidavits to his posttrial motion. We are not convinced. The two cases relied upon by the State are distinguishable. *Brandon* involves a petition for relief filed pursuant to the Postconviction Act. *Brandon*, 157 Ill. App. 3d at 837. The Postconviction Act expressly requires the attachment of evidentiary support or an explanation of its absence to a postconviction petition. See 725 ILCS 5/122-2 (West 2016) ("The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."). However, the Postconviction Act does not apply to defendant's posttrial motion. The 1977 *Boyce* decision involves a subpoenaed witness who failed to appear for trial—not a posttrial claim of ineffective assistance of counsel. *Boyce*, 51 Ill. App. 3d at 562. The First District followed authorities from Mississippi and Texas to find the following:

> "[W]here a new trial is sought on the ground of the unavoidable absence from the trial of a witness on behalf of the defendant, the defendant must in support of that motion attach not only an affidavit as to his diligence in attempting to procure the witness at trial, but also the sworn affidavit of that witness as to the facts to which he would testify on retrial, unless the lack of such an affidavit is sufficiently explained." *Id.* (citing *Clinton v. State*, 51 So. 2d 577 (Miss. 1951), and *Kelly v. State*, 471 S.W.2d 65 (Tex.

- 4 -

Crim. App. 1971)).

At best, the *Boyce* decision supports the conclusion the absence of affidavits on a motion for a new trial *may* be the basis for a denial of that motion. See *id.* at 562-63.

¶ 14 Here, not only did the trial court not deny the amended posttrial motion on the ground no affidavits were filed, but also the State has not convinced this court such evidence was required for defendant's ineffectiveness claims. We will not affirm on this basis.

¶ 15 We turn to defendant's claim the trial court erred by failing to address his posttrial claims of ineffective assistance of counsel and find the trial court erred by deferring the issue of trial counsel's effectiveness to collateral review. In support of his contention, defendant relies heavily on the common-law procedure developed from *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), as showing ineffectiveness claims raised before the trial court should be considered by the trial court.

¶ 16 Under the common-law procedure developed from *Krankel*, a defendant triggers a preliminary *Krankel* hearing by raising a *pro se* posttrial claim of ineffectiveness. *People v. Jolly*, 2014 IL 117142, ¶ 29, 25 N.E.3d 1127. The *pro se* defendant only needs to bring the claim of ineffectiveness to the trial court's attention. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. Even a handwritten statement simply asserting "ineffective assistance of counsel" (see *id.* ¶ 30 (J. Thomas, dissenting)) is sufficient (*id.* ¶ 26). Once the *pro se* claim reaches the trial court, the court must conduct an inquiry into the underlying factual basis. *Id.* ¶ 11. If this preliminary *Krankel* hearing results in a determination by the court the claim lacks merit or only pertains to matters of trial strategy, the court may deny the *pro se* motion. *Id.* If, however, the allegations show possible neglect, the court should appoint new counsel for a *Krankel* inquiry. *Id.* "*Krankel*

serves the narrow purpose of allowing the trial court to decide whether to appoint independent counsel to argue a defendant's *pro se* posttrial ineffective[-]assistance claims." *People v. Patrick*, 2011 IL 111666, ¶ 39, 960 N.E.2d 1114.

¶ 17 In this case, defendant's posttrial ineffectiveness claims are not *pro se* and the common-law procedure under *Krankel* does not apply. However, ineffectiveness-of-counsel claims should be raised and decided in the trial court, where "the facts and circumstances surrounding the claim will be much clearer in the minds of all involved *** as opposed to years later on appeal." *Ayres*, 2017 IL 120071, ¶ 21.

¶ 18 In addition, to allow a trial court to defer ineffectiveness matters for review under the Postconviction Act would take from defendant his constitutional right to counsel. While the constitution guarantees defendants the right to the effective assistance of counsel at trial and through appeal, no such right exists under the Postconviction Act. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007) (observing the Postconviction Act provides for only a reasonable level of assistance).

¶ 19 Given the State's implied concession of the error, the *Krankel* authority demonstrating trial courts routinely resolve posttrial claims of ineffectiveness, and the fact defendant's constitutional right to counsel is removed when posttrial claims are reserved for resolution under the Postconviction Act, we find the trial court erred by deferring the issue based on the conclusion defendant could raise the claims under the Postconviction Act.

¶ 20 We remand for the resolution of defendant's ineffectiveness claims. When defendant filed the posttrial motion, he was represented by private counsel. It is not clear whether defendant, on remand, will continue to be represented by private counsel. If defendant is

represented by counsel, the common-law procedure of *Krankel* is unnecessary, as a *Krankel* inquiry serves the purpose of determining whether counsel should be appointed. See *Patrick*, 2011 IL 111666, ¶ 39. If defendant continues to be represented by counsel, the trial court should hold an evidentiary hearing and determine the merits of defendant's ineffective-assistance-of-counsel claims. *Shamhart*, 2016 IL App (5th) 130589, ¶ 36. If, however, defendant finds he needs appointed counsel, the trial court should employ the common-law *Krankel* procedure to ascertain whether counsel should be appointed to litigate defendant's ineffectiveness claims.

¶ 21                                III. CONCLUSION

¶ 22          We remand for further proceedings.

¶ 23          Remanded.