2020 IL App (1st) 182498-U
Order filed: October 30, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-18-2498

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 63301 |
| | ) | |
| DARRELL WARREN, | ) | Honorable |
| | ) | Lauren Gottainer Edidin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

*Held*: Second-stage dismissal of defendant's postconviction petition is affirmed, where defendant did not overcome the presumption of reasonable assistance of postconviction counsel created by counsel's filing of a certificate pursuant to Illinois Supreme Court Rule 651(c).

¶ 1    Defendant-appellant, Darrell Warren, appeals from an order of the circuit court which granted the State's second-stage motion to dismiss his *pro se* petition for relief under the Post–Conviction Hearing Act (Act). 725 ILCS 5/122–1 *et seq*. (West 2018). Defendant claims postconviction counsel failed to provide him a reasonable level of assistance, as required by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we affirm.[1]

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal

¶ 2    Following a jury trial, defendant was found guilty of home invasion and two counts of armed robbery, sentenced to concurrent terms of 30 years' imprisonment on each count, and his convictions and sentences were affirmed on direct appeal. *People v. Warren*, 2014 IL App (1st) 121061-U. The trial proceedings and the evidence presented at trial were fully set out in our prior order and need not be restated here. *Id.* It is sufficient to note that the evidence at trial included testimony identifying defendant—with his hair braided in dreadlocks—as one of two offenders involved in the home invasion and robbery, which occurred on the morning of December 1, 2010.

¶ 3    In December 2014, defendant filed the *pro se* petition for postconviction relief at issue here. Defendant asserted a number of claims therein, including—*inter alia*—an assertion that his trial counsel was ineffective for failing to investigate and call a known alibi witness, Dwayne Cook, to testify at trial. Defendant asserted that had his trial counsel done so, Cook would have testified that he was with defendant on the morning of December 1, 2010, both at Cook's home and at defendant's house. Cook would also have testified that defendant's hair was not braided in dreadlocks at that time, but was rather cut short. While the petition indicated that a one-page affidavit from Cook averring to these facts would be attached, no such affidavit was attached as an exhibit to the petition.

¶ 4    On April 23, 2015, the circuit court docketed the matter and appointed the public defender to represent defendant with respect to the postconviction proceedings. Thereafter, the matter was continued numerous times, with postconviction counsel informing the circuit court at various status hearings that she was attempting to speak with trial counsel to ask "whether or not he spoke

has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

to the witness," that she was "looking for one witness in this case," and that she still had "one investigation still pending."

¶ 5 On December 15, 2017, the appointed postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Therein, counsel averred that she had: (1) communicated with defendant by mail; (2) reviewed the record of defendant's trial, and (3) concluded that no amendments to the *pro se* petition were required because it adequately presented defendant's constitutional claims.

¶ 6 On February 26, 2016, the State filed a motion to dismiss defendant's petition. Therein, the State argued—*inter alia*—that defendant's argument regarding Cook should be dismissed because his failure to provide Cook's affidavit "renders his claim invalid because without such an affidavit, the trial court cannot tell whether Cook was willing and able to testify at trial, whether trial counsel contacted him or asked him to testify, and whether he would have testified consistently with petitioner's version of events."

¶ 7 Postconviction counsel did not file a written response to the motion to dismiss, and the matter proceeded to an October 19, 2018, hearing on that motion. At that hearing, the State reiterated its position regarding the failure to provide Cook's affidavit. In response, defendant's postconviction counsel and the circuit court had the following colloquy:

"DEFENSE COUNSEL: Your Honor, I filed a 651 certificate stating that I have reviewed Mr. Warren's petition, his record. I also reviewed the trial transcript and spoke to his trial lawyer. I also did an investigation into Mr. Cook, the person that Mr. Warren mentions as having presented an affidavit for this.

THE COURT: To present an affidavit?

DEFENSE COUNSEL: Yes. We were unable to find him. Found his sister, and Mr. Cook never reached out to us."

¶ 8    The circuit court granted the State's motion to dismiss. In doing so, the court noted: "We have an allegation that there was an individual out there that may or may not have information or should have been called or was an alibi witness. And petitioner's counsel tried to get–or supplement the record with that information, was unable to do so." Defendant timely appealed.

¶ 9    On appeal, defendant solely contends that his postconviction counsel provided unreasonable assistance by failing to obtain and supplement defendant's postconviction petition with Cook's affidavit. We disagree.

¶ 10    The Act provides a mechanism for a criminal defendant to challenge his conviction or sentence based upon a substantial constitutional violation. *People v. Morris*, 236 Ill. 2d 345, 354 (2010). In noncapital cases, the Act provides for a three-step process. *Id*. At the first stage, the trial court must evaluate the petition and determine within 90 days of its filing whether it is frivolous or patently without merit. *Id*. A petition which survives the first stage advances to the second stage where the trial court appoints counsel to represent defendant, and the State may move to dismiss the petition. *People v. Harris*, 224 Ill. 2d 115, 126 (2007).

¶ 11    Under the Act, counsel appointed at the second stage must provide a reasonable level of assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). To provide a reasonable level of assistance, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), provides that postconviction counsel: (1) consult with defendant—either by mail or in person—to ascertain his claims of deprivation of constitutional rights; (2) examine the trial record; and (3) amend the *pro se* petition where necessary for an adequate presentation of defendant's contentions. *Suarez*, 224 Ill. 2d at 42.

Postconviction counsel's compliance with Supreme Court Rule 615(c) is mandatory and generally shown by the filing of a certificate averring to such performance. *Perkins*, 229 Ill. 2d at 50.

¶ 12    The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance during second-stage proceedings under the Act. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. The burden is on the defendant to overcome this presumption by demonstrating that postconviction counsel failed to substantially comply with the duties imposed by Rule 651(c). *Jones*, 2011 IL App (1st) 092529, ¶ 23. The presumption of compliance may be rebutted by the record. *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007). Where postconviction counsel fails to comply with the requirements of Rule 651(c), the proper remedy on appeal is to remand for further postconviction proceedings. See *People v. Suarez*, 224 Ill. 2d 37, 47 (2007) (recognizing that our supreme court "has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit.").

¶ 13    Our review of postconviction counsel's compliance with Rule 651(c) is *de novo*. *Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 14    First, we agree with the State that a rebuttable presumption that postconviction counsel provided reasonable assistance during the second-stage proceedings below was created by the filing of a Rule 651(c) certificate. *Jones*, 2011 IL App (1st) 092529, ¶ 23.

¶ 15    Second, we also conclude that defendant failed in his burden to overcome that presumption. We note again that postconviction counsel repeatedly informed the circuit court of her efforts to locate a "witness." In light of the petition filed by defendant, this was clearly a reference to Cook, a conclusion that defendant does not challenge on appeal. Finally, with respect to Cook,

postconviction counsel expressly stated at the hearing on the State's motion to dismiss that: "We were unable to find him. Found his sister, and Mr. Cook never reached out to us."

¶ 16    While defendant contends on appeal that that these statements reflect a "half-hearted attempt to obtain an affidavit from Cook," and constitute "evidence [of] an insufficient investigation," we disagree. These comments simply reflect that while postconviction counsel attempted to locate Cook, this effort was ultimately unsuccessful.

¶ 17    Defendant's remaining arguments on appeal resolve into speculation regarding postconviction counsel's interaction with Cook's sister, the bald assertion that that "there is no evidence in the record establishing that Cook was unreachable or unable to be located" and a complaint that the "State provides no reason to blindly presume that post-conviction counsel acted diligently during the time she was appointed to represent Warren." Such arguments go against the standards discussed above. Again, the filing of the Rule 651(c) certificate in this case created a rebuttable presumption that postconviction counsel provided reasonable assistance, and it is defendant's burden to overcome this presumption. *Jones*, 2011 IL App (1st) 092529, ¶ 23. It is not the State's burden to further support that presumption with additional evidence. On this record, we conclude that defendant has failed to meet his burden to overcome the presumption that postconviction counsel provided reasonable assistance. If anything, the comments of postconviction counsel discussed above actually provide additional evidence in support of the presumption.

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 19    Affirmed.