# Illinois Official Reports

## Appellate Court

---

### *People v. Dalton*, 2017 IL App (4th) 141088

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEOFFREY C. DALTON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-14-1088 |
| Filed | February 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Adams County, No. 08-CF-623; the Hon. William O. Mays, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Joshua Moshe Bernstein, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>David J. Robinson and James C. Majors, of State's Attorneys Appellate Prosecutor's Office, of Chicago, for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Turner and Justice Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1    In May 2009, defendant, Geoffrey C. Dalton, pleaded guilty to criminal sexual assault (720 ILCS 5/12-13(a)(4) (West 2006)). The trial court sentenced him to 10 years in prison.

¶ 2    In June 2010, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2010)), alleging that he was subject to an indeterminate term of mandatory supervised release (MSR), which he argued was different from the term of MSR contained in his plea agreement. The trial court appointed counsel for defendant and ultimately dismissed defendant's amended postconviction petition. This court affirmed that decision on appeal. *People v. Dalton*, No. 4-10-1033 (May 7, 2012) (unpublished summary order under Supreme Court Rule 23(c)(2)).

¶ 3    In October 2014, defendant filed a motion for leave to file a successive postconviction petition, arguing that postconviction counsel had failed to comply with Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984). The trial court denied the motion.

¶ 4    Defendant appeals, arguing that the trial court erred by denying his motion for leave to file a successive postconviction petition. We disagree and affirm.

¶ 5                        I. BACKGROUND
¶ 6                   A. The Charges and Guilty Plea

¶ 7    In February 2009, the State charged defendant—a high school teacher—with four counts of criminal sexual assault (720 ILCS 5/12-13(a)(4) (West 2006)) and four counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006)), alleging that on four separate occasions, he had sexual intercourse with a student under the age of 18.

¶ 8    At a May 2009 hearing, defendant pleaded guilty to one count of criminal sexual assault. As part of the plea agreement, the parties agreed that the maximum sentence defendant could receive would be 10 years in prison. The following exchange then occurred between the trial court and the State:

> "[THE STATE]: The defendant, of course, would be subject to mandatory supervised release, I believe, of three years and would have to register, of course, as a sex offender for the rest of his life.
>
> [THE COURT]: I have got a Class 1 as being two years, unless it is—
>
> [THE STATE]: I may be wrong on that, judge. I just assumed. My recollection was that X's and 1's are three, but I stand corrected. That's the nature of the plea negotiation."

¶ 9    The trial court then admonished defendant, including the following about the applicable MSR term:

> "Upon your release from any term in the department of corrections, you would be required or you will be required to serve a term of two years of parole or mandatory supervised release."

Defendant stated that he understood the admonitions.

¶ 10    The State then provided the following factual basis for defendant's plea. In fall 2007, defendant was employed as a high school teacher at Mendon High School, where he was also the basketball coach. One evening that fall, after returning with the team and cheerleaders from

an away game, defendant engaged in sexual intercourse with a 15-year-old cheerleader in the locker room. During a police interview on November 30, 2007, defendant admitted committing the offense.

¶ 11 The trial court accepted defendant's plea of guilty, conditionally concurred with the plea agreement, and set the matter for sentencing.

¶ 12 At the June 2009 sentencing hearing, the trial court began by making the following remarks:

> "One thing that I want to deal with before we begin the actual sentencing. [Defendant], I believe your attorney informed you of this, but I think that at your plea I told you that the mandatory supervised release term that you would have to serve after your release from prison was two years, and that's normal for a Class One felony. Criminal sexual assault, however, has a separate provision regarding mandatory supervised release. It is actually three years of mandatory supervised release, and I will tell you that the Department of Corrections, the administrative authorities, nothing that I have anything to do with, have the ability to extend that also, and I think that deals with what you do while you are in prison, but I don't really know. All right? So I just need to admonish you, tell you that so that you understand that. Do you understand that?"

Defendant stated that he understood. After hearing evidence, the court sentenced defendant to 10 years in prison, "followed by the mandatory supervised release term of three years."

¶ 13 B. The Postconviction Petition

¶ 14 In June 2010, defendant *pro se* filed a petition for postconviction relief pursuant to the Act. In it, he argued that his conviction was unconstitutional because the terms of his plea agreement provided that he would serve a two- or three-year term of MSR, when, in actuality, he was serving an indeterminate term of MSR, ranging from three years to natural life. The trial court appointed counsel, who, in September 2010, filed an amended petition for postconviction relief. In the amended petition, defendant argued that his right to due process was violated because he did not receive the benefit of his guilty plea. That is, defendant argued that the plea agreement the parties negotiated contained a determinate term of MSR, while defendant actually received an indeterminate term. As a result, defendant requested that the court enforce the terms of the original agreement and order that defendant serve a determinate sentence of MSR.

¶ 15 The trial court granted the State's motion to dismiss defendant's amended petition. This court affirmed that decision on appeal. *People v. Dalton*, No. 4-10-1033 (May 7, 2012) (unpublished summary order under Supreme Court Rule 23(c)(2)).

¶ 16 C. The Motion for Leave To File a
Successive Postconviction Petition

¶ 17 In October 2014, defendant *pro se* filed a motion for leave to file a successive postconviction petition (725 ILCS 5/122-1(f) (West 2014)), along with a proposed successive postconviction petition. In it, he argued that postconviction counsel provided unreasonable assistance by (1) making unsuccessful arguments and (2) not complying with the dictates of Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984).

¶ 18    The trial court denied defendant's motion for leave to file a successive postconviction petition. This appeal followed.

¶ 19                                II. ANALYSIS

¶ 20    Defendant argues that the trial court erred by denying his motion for leave to file a successive postconviction petition. We disagree.

¶ 21            A. Statutory Language and the Standard of Review

¶ 22    The Act (725 ILCS 5/122-1 to 122-7 (West 2012)) provides a remedy for defendants whose convictions resulted from substantial violations of their constitutional rights. *People v. Edwards*, 197 Ill. 2d 239, 243-44, 757 N.E.2d 442, 445 (2001). The Act sets up a three-stage process for adjudicating postconviction petitions. *People v. Boclair*, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 740 (2002). At the first stage, the trial court shall dismiss the petition if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). Otherwise, the court appoints counsel, who makes any necessary amendments to the petition. The petition then proceeds to the second stage, where the petition must establish a "substantial showing of a constitutional violation." (Internal quotation marks omitted.) *People v. Tate*, 2012 IL 112214, ¶ 10, 980 N.E.2d 1100. If the petition fails to make a substantial showing, the court should dismiss it. *Id.* Otherwise, the petition proceeds to the third stage for an evidentiary hearing. *Id.*

¶ 23    Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) provides that if the trial court appoints counsel to amend the petition, the record on appeal must contain a showing of the following:

    "[T]he attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

¶ 24    The necessary showing may be made by counsel's filing of a certificate averring that counsel complied with the above-mentioned requirements of Rule 651(c). Counsel's filing of a Rule 651(c) certificate creates a rebuttable presumption that counsel complied with the requirements of Rule 651(c). *People v. Smith*, 2016 IL App (4th) 140085, ¶ 33, 50 N.E.3d 353.

¶ 25    Section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2012)) provides that a petitioner may file only one postconviction petition under the Act, unless the petitioner obtains leave of court to file a successive petition. Leave of court "may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* A petitioner shows cause "by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." *Id.* A petitioner shows prejudice "by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 26    Denial of a defendant's motion for leave to file a successive postconviction petition is reviewed *de novo*. *People v. Wrice*, 2012 IL 111860, ¶ 50, 962 N.E.2d 934.

¶ 27                                  B. This Case

¶ 28        Defendant argues that the trial court erred by denying his motion for leave to file a successive postconviction petition. Specifically, defendant argues that his claim that postconviction counsel failed to comply with Rule 651(c) met both the cause and prejudice requirements for a successive petition and that the trial court therefore erred by denying him leave to file a successive petition. We disagree.

¶ 29        As explained earlier, the Act provides a vehicle for a person imprisoned in the penitentiary to assert the following:

> "[I]n the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both[.]" 725 ILCS 5/122-1(a)(1) (West 2014).

In other words, for a claim to be cognizable under the Act, the claim must (1) allege a substantial denial of the defendant's constitutional rights (2) that occurred during the proceedings that resulted in the defendant's conviction.

¶ 30        In this case, defendant's claim meets neither of the two above-mentioned threshold requirements. Defendant claims that postconviction counsel failed to comply with Rule 651(c), which is obviously not a constitutional provision. Indeed, the right to counsel during postconviction proceedings is entirely statutory, not constitutional. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007) ("There is no constitutional right to the assistance of counsel in postconviction proceedings; the right to counsel is wholly statutory ***."); see 725 ILCS 5/122-4 (West 2014). Further, defendant's claimed error occurred during postconviction proceedings, not during the proceedings that led to defendant's conviction. Defendant's Rule 651(c) claim, therefore, cannot support a postconviction petition, whether initial or successive.

¶ 31        Instead, a Rule 651(c) violation may be raised on appeal from the denial of an initial or successive postconviction petition. We note that the opportunity to raise a Rule 651(c) claim on the initial appeal is in no way illusory. Several published cases have addressed a Rule 651(c) claim within such a posture. See, *e.g.*, *Suarez*, 224 Ill. 2d 37, 862 N.E.2d 977; *People v. Perkins*, 229 Ill. 2d 34, 890 N.E.2d 398 (2007); *People v. Mason*, 2016 IL App (4th) 140517, 56 N.E.3d 1141. Appellate counsel's failure to raise the claim on appeal does not mean that the claim may later be raised in a successive postconviction petition.

¶ 32        Because defendant's claim does not meet the threshold requirements of section 122-1(a)(1) of the Act, we need not determine whether the claim meets the cause and prejudice prongs necessary for filing a successive petition.

¶ 33        The trial court did not err by denying defendant's motion for leave to file a successive postconviction petition.


¶ 34                                  III. CONCLUSION

¶ 35        For the foregoing reasons, we affirm the trial court's judgment.

¶ 36        As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2014).

¶ 37   Affirmed.