# Illinois Official Reports

## Appellate Court

---

### *People v. Shelton*, 2018 IL App (2d) 160303

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER SHELTON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-16-0303 |
| Filed | November 19, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 09-CF-201; the Hon. Linda Abrahamson, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Paul Alexander Rogers, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, David J. Robinson, and Mary Beth Burns, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Christopher Shelton, appeals from the trial court's order dismissing his petition for relief from judgment, which was originally a postconviction petition. Defendant argues that he was deprived of reasonable assistance of counsel under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). We vacate and remand for further proceedings.

¶ 2      I. BACKGROUND

¶ 3      In March 2009 defendant was charged with four counts of criminal sexual assault (Class 1 felonies) and four counts of aggravated criminal sexual assault (Class X felonies). The State alleged that each offense occurred against the same woman, H.M., on January 17, 2009. The charges were based on two alleged acts of sexual penetration: one where defendant's penis touched H.M.'s "sex organ" and the other where defendant's finger penetrated H.M's "sex organ."

¶ 4      On December 18, 2009, defendant, who was represented by appointed counsel, entered a negotiated guilty plea. In exchange for a 12-year prison term and the dismissal of the other charges, defendant agreed to plead guilty to count III of the indictment, which charged defendant with aggravated criminal sexual assault "in that by the use of force the defendant committed an act of sexual penetration in that his penis touched the sex organ of [H.M.] and in so doing the defendant caused bodily harm to [H.M.]" in violation of sections 12-13(a)(1) and 12-14(a)(2) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-13(a)(1), 12-14(a)(2) (West 2008)).

¶ 5      On December 18, 2009, the trial court, Judge Thomas J. Mueller presiding, advised defendant that by pleading guilty he was waiving certain rights, "including the right to take this case to a jury trial" and the right to "remain silent." The trial court also advised defendant that the offense at issue was punishable by a prison sentence falling "somewhere between six and 30 years"; that the "proposed disposition" involved a 12-year term; and that, when he completed his sentence, defendant "would then have to begin serving a three-year term of what is called mandatory supervised release."

¶ 6      The State presented a factual basis for the charge. The trial court read count III of the indictment. Defendant told the trial court that he understood he was pleading guilty to that charge. The trial court then sentenced defendant to 12 years' imprisonment "followed by three years of mandatory supervised release." After imposing sentence, the trial court told defendant that he had 30 days to file a motion to withdraw his guilty plea and that, if that motion were denied, defendant could then file a notice of appeal. Defendant indicated that he understood. The trial court entered two sentencing orders, neither of which mentions a term of mandatory supervised release (MSR).[1]

¶ 7      On September 12, 2014, defendant, *pro se*, filed a verified petition seeking relief under section 122-1 of the Act (725 ILCS 5/122-1 (West 2014)). The trial court appointed counsel

---

[1]The sentencing order signed by the trial court improperly indicates that count III involved a violation of section 12-14(a)(5) of the Criminal Code, which makes the aggravating factor the victim's age. See 720 ILCS 5/12-14(a)(5) (West 2008).

to represent defendant. In defendant's verified petition, he alleged that his constitutional rights had been violated because "in the police report the victim stated she had consentual [*sic*] sex with [defendant], making the prosecutor aware that this wasn't a rape case." Defendant also contended that "if this evidence was exposed [he] never would have coped [*sic*] out[,] rendering his cop out void."

¶ 8    On September 25, 2014, the trial court appointed the Kane County Public Defender's Office to represent defendant regarding his postconviction petition.

¶ 9    On October 24, 2014, appointed counsel, Assistant Public Defender Beth Peccarelli, stated in open court that she had met defendant that day, had "discussed some of his allegations [and was] trying to track down [his *pro se*] petition and other information."

¶ 10    On January 16, 2015, during a status call, Peccarelli told the trial court that she intended to "confer with [defendant] and provide [her] certificate."

¶ 11    On April 20, 2015, Peccarelli filed an "Amended Petition for Relief From Judgment Pursuant to" section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). The petition requested "relief from an involuntary plea and sentence," alleging and arguing the following. Defendant previously filed a postconviction petition wherein he provided a "recitation of his subjective view of the evidence he is currently aware of and that he does not believe it is sufficient to support his plea of guilty."

> "Although the original petition was brought under the Post-Conviction Act, and was characterized as such[,] the circumstances are such that the matter is also suited as Relief from Judgment in light of the civil nature of the [A]ct and this petition's allegations that there was [an] insufficient factual basis to support his plea agreement."

Defendant "believes that he cannot be found guilty because the victim consented to sexual contact." Because defendant's "understanding was not borne out in the execution of the plea agreement," defendant's plea was involuntary. "Additionally, the plea of guilty and judgment order dated December 18, 2009, reflects that the plea is to Count III but the recitation of the factual basis and the cited statute are consistent with Count IV, not Count III, rendering the plea *voidable*." (Emphasis added.) At the time of defendant's plea, the trial court admonished defendant incorrectly "in that the mandatory supervised release that is being imposed is 3 years to life, significantly different than the admonished 3 year period."

¶ 12    On June 12, 2015, the State filed a motion to dismiss defendant's amended section 2-1401 petition, arguing that it was not filed within two years as required by section 2-1401(c). The State also argued that the exception to the two-year rule did not apply because defendant failed to allege that the judgment was void. On the same date, the parties appeared before the trial court, with Assistant Public Defender Brenda Willet representing defendant. Defendant was present. Willet informed the trial court that defendant's case was being reassigned to yet another attorney, and the case was continued to September 16, 2015. However, on September 10, the trial court reset the matter for November 6, 2015.

¶ 13    On November 6, 2015, Assistant Public Defender Britt Hawkins requested a continuance, which the trial court granted. Defendant was present.

¶ 14    On November 19, 2015, by agreement of the parties, the trial court set the hearing on the State's motion to dismiss for January 29, 2016. Defendant was present.

¶ 15    On January 29, 2016, the State argued that defense counsel "switched" defendant's postconviction petition to a section 2-1401 petition and that it must be dismissed as untimely because it failed to allege that the judgment was "void." Hawkins argued that the trial court's judgment was "voidable" because (1) the trial court incorrectly admonished defendant regarding the applicable period of MSR and (2) the factual basis did not support the specific charge to which defendant pled guilty. The trial court, Judge Linda Abrahamson presiding, granted the State's motion to dismiss. Thereafter, the trial court stated, "the Department of Corrections [(DOC)] sent a letter to the state's attorney's office saying that the paper work on the plea called for MSR of three." The State replied, "I think that was, as the defendant said, improper." The trial court replied:

> "Right, so, I agree that the admonishment was to three, not three to life, but the paperwork was also three, not three to life; and DOC doesn't know what to do. Needs it fixed. So we need in here to address it in some way.
>
> So I am going to grant the motion to strike without prejudice. If you think there's something that can or should be repled, I'm going to invite you to do that.
>
> And so I am going to set it for another date because I need some suggestions on how this can be fixed if at all."

¶ 16    On February 29, 2016, Hawkins filed a "Second Amended Petition for Relief From Judgment Pursuant to 735 ILCS 5/2-1401," reiterating the allegations contained in the first amended section 2-1401 petition and adding the following. "Just prior to September 12, 2014," the DOC informed defendant "that he was subject to [MSR] of 3 years to life. *** Defendant did not agree to this" when he pled guilty and "defendant was admonished that he would receive *** a 3 year [MSR] period." The "3 years to natural life" MSR period was "significantly different" from the "admonished 3[-]year period." Further, the second amended section 2-1401 petition fell "within the 2[-]year time limit for filing" because "the above information was not given to the Defendant until September of 2014." In support of defendant's section 2-1401 petition, on March 2, 2016, Hawkins filed defendant's affidavit stating that in August 2014 the DOC told defendant that his MSR period would be "3 years to life," which was "different than what was said at [his] plea." Based on this information, he "began researching and filed [his] *Pro Se* Post-Conviction Petition[,] September 12, 2014."

¶ 17    On March 2, 2016, the parties appeared before the trial court and sought a continuance, which was granted so that the State could file a motion to dismiss.

¶ 18    On April 22, 2016, the trial court heard argument on the State's motion to dismiss defendant's second amended section 2-1401 petition. We note that the State's motion is not contained in the record, but the trial court and the parties acknowledged that it was filed. The State argued the following. The trial court "had the power to give an MSR sentence which in this case was wrong." This was "a mistake of law in explaining a sentencing range and a mistake of fact in deciding the voluntariness of the plea." These mistakes did not cause the trial court to "lose jurisdiction," and therefore they did not "create a void judgment. [They make] it voidable, [meaning] it's not able to be attacked beyond two years."

¶ 19    On April 22, 2016, after hearing argument, the trial court dismissed defendant's second amended section 2-1401 petition as untimely. Defendant filed his notice of appeal the same day.

## II. ANALYSIS

Defendant argues that he was deprived of reasonable assistance of counsel under the Act. Defendant contends that counsel's failure to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) requires a remand for further proceedings. The State argues that counsel provided reasonable assistance because (1) the "record shows no failure to comply with Rule 651(c)" and (2) neither the Act nor the rule "precludes appointed counsel from recasting a post-conviction petition as a petition for relief from judgment." The State also argues that the trial court properly dismissed defendant's section 2-1401 petition as untimely.

### A. Standard of Review

There is no constitutional right to the assistance of counsel in postconviction proceedings. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007); see 725 ILCS 5/122-4 (West 2016). Thus, defendants are entitled only to the level of assistance provided by the Act. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). We review *de novo* issues of statutory and rule interpretation as well as the dismissal of a postconviction petition without an evidentiary hearing. *Suarez*, 224 Ill. 2d at 42 (postconviction petition); *People v. Chatman*, 2016 IL App (1st) 152395, ¶ 23 (statutory and rule interpretation). We also review *de novo* the dismissal of a section 2-1401 petition. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

### B. The Post-Conviction Hearing Act

The Act provides a method for an individual subject to a criminal sentence to challenge a conviction by alleging that it was the result of a substantial denial of federal or state constitutional rights, or both. 725 ILCS 5/122-1 *et seq.* (West 2016). The Act provides a three-stage process to adjudicate petitions. *People v. Cotto*, 2016 IL 119006, ¶ 26. At the first stage, the trial court determines whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). If the petition is not dismissed at the first stage, it advances to the second stage. *Cotto*, 2016 IL 119006, ¶ 26.

During second-stage proceedings, an indigent defendant is entitled to appointed counsel, who may amend the petition as necessary. 725 ILCS 5/122-4 (West 2016). Counsel is required to make any amendments to the *pro se* petition that are necessary for an adequate presentation of the defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). After counsel makes any necessary amendments to the *pro se* petition, the State may either answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2016); *Pendleton*, 223 Ill. 2d at 472. The trial court then determines whether the petition and any supporting documents make a substantial showing of a constitutional violation. 725 ILCS 5/122-6 (West 2016); *Pendleton*, 223 Ill. 2d at 473. If such a showing is made, the petition proceeds to the third stage, where the trial court conducts an evidentiary hearing on the merits of the petition. 725 ILCS 5/122-6 (West 2016).

### C. Reasonable Assistance

Here, defendant's petition advanced to the second stage and counsel was appointed. Pursuant to the Act, a defendant is entitled to "reasonable" assistance of counsel. *Turner*, 187 Ill. 2d at 410. The legislature anticipated that most petitions filed under the Act would be filed by prisoners who lacked the assistance of counsel. *People v. Johnson*, 154 Ill. 2d 227,

237 (1993). As a result, to ensure that a prisoner's claims will be adequately presented, the Act contemplates that appointed counsel will ascertain the basis of his claims, shape those claims into an appropriate legal form, and present those claims to the court. *Id.* at 237-38. To ensure that defendants receive this level of assistance, Rule 651(c) imposes specific duties on appointed counsel and requires the record to disclose that counsel has fulfilled those duties. *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 18.

¶ 29    Rule 651(c) requires the record in postconviction proceedings to demonstrate that appointed counsel "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). While counsel is not always required to amend a defendant's *pro se* petition, Rule 651(c) provides that an amendment must be made if it is necessary for an adequate representation of his claims. *Turner*, 187 Ill. 2d at 412; see also *People v. McDonald*, 2018 IL App (3d) 150507, ¶ 27. In addition, "Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence." *People v. Perkins*, 229 Ill. 2d 34, 49 (2007). Rule 651(c) also requires counsel to file a certificate showing compliance with these requirements. *Id.* Counsel's certificate of compliance creates a presumption that she complied with the requirements, but that presumption can be rebutted. See *Schlosser*, 2012 IL App (1st) 092523, ¶ 33. However, if counsel fails to file a Rule 651(c) certificate, a reviewing court will not presume that counsel has complied with the rule; rather, the record must explicitly show that counsel met the rule's requirements. *People v. Carrizoza*, 2018 IL App (3d) 160051, ¶ 12. Counsel's failure to comply with Rule 651(c) requires a remand for further postconviction proceedings. *Suarez*, 224 Ill. 2d at 47; *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18. Further, "[w]here counsel fails to make necessary amendments [to the defendant's *pro se* petition], his or her performance is unreasonable, and remand for further proceedings is the remedy." *McDonald*, 2018 IL App (3d) 150507, ¶ 27 (citing *Turner*, 187 Ill. 2d at 414).

¶ 30    Here, appointed counsel failed to file a Rule 651(c) certificate, and the record shows that counsel failed to meet the rule's requirements. Although Peccarelli stated in court that she met with defendant and intended to "confer" with him, and although counsel filed two amended pleadings, the record does not show that counsel met the requirements of Rule 651(c) or otherwise provided reasonable assistance to defendant. The fact that counsel filed a section 2-1401 petition does not ameliorate the lack of the certificate or the need for the record to establish compliance with Rule 651(c).

¶ 31    Appointed counsel, the State, and the trial court knew that defendant had been incorrectly admonished regarding the length of his MSR period. During oral argument, the State conceded that a "mistake was made." Indeed, the trial court admonished defendant that his 12-year prison term would be followed by an MSR period of three years. Actually, however, defendant is statutorily mandated to serve an MSR period of three years to natural life. See 730 ILCS 5/5-8-1(d)(4) (West 2016).

¶ 32    Defendant's counsel had a duty to shape defendant's petition into "appropriate legal form." *Johnson*, 154 Ill. 2d at 238. Counsel should have filed a petition under the Act, alleging that defendant's due process rights were violated by the trial court's failure to

admonish him of the actual MSR period (see *People v. Whitfield*, 217 Ill. 2d 177 (2005)) or that his right to effective assistance of counsel was violated where counsel failed to inform him of the actual MSR period (see, *e.g.*, *People v. Pugh*, 157 Ill. 2d 1 (1993)). In any case, defendant would have to show prejudice, that but for either the court's or counsel's failure he would not have pled guilty. *Id.* at 15; *People v. Snyder*, 2011 IL 111382, ¶ 32.

¶ 33    Here, during the proceedings on the State's motion to dismiss the initial section 2-1401 petition, the trial court recognized the sentencing error and the need to take corrective action. Thus, the trial court dismissed the initial section 2-1401 petition without prejudice.

¶ 34    However, given this new opportunity, counsel filed another section 2-1401 petition, arguing, again, that defendant's judgment was merely "voidable." This section 2-1401 petition alleged that defendant did not know about the statutorily mandated MSR until September 2014 and included defendant's affidavit establishing the same. Thus, had counsel filed the petition under the Act instead of under section 2-1401, these facts, if proven, would have established that defendant's delay was not due to his culpable negligence (see 725 ILCS 5/122-1(c) (West 2016)). However, counsel again used a legally inadequate procedural vehicle, section 2-1401.

¶ 35    Section 2-1401 of the Code provides a mechanism to collaterally attack a "final judgment older than 30 days." *Vincent*, 226 Ill. 2d at 7. A section 2-1401 petition generally must be filed not later than two years after the entry of the challenged judgment, excluding the time that the ground for relief was fraudulently concealed. 735 ILCS 5/2-1401(c) (West 2016) (also excluding the time that the petitioner was under legal disability or duress). However, a void judgment can be attacked at any time through a section 2-1401 petition. *Id.* § 2-1401(f); *People v. Thompson*, 2015 IL 118151, ¶ 29. A judgment is void where the court lacked either personal jurisdiction or subject-matter jurisdiction, and then the judgment can be challenged at any time, including collaterally. *People v. Castleberry*, 2015 IL 116916, ¶ 15. In contrast, a judgment is merely voidable where it was entered erroneously by a court having jurisdiction and, thus, is not subject to collateral attack. *Id.* ¶ 11.

¶ 36    Here, defendant was sentenced on December 18, 2009, but counsel did not file the first section 2-1401 petition until April 20, 2015, well beyond the two-year limitations period. However, counsel failed to allege any of the exceptions to the section 2-1401 two-year limitations period. In particular, counsel failed to allege facts to establish that the State fraudulently concealed defendant's actual MSR period of three years to life. To make matters worse, counsel alleged and argued that defendant should be granted relief under section 2-1401 because the trial court's judgment was "voidable" rather than "void." As a result, defendant's section 2-1401 petition, which was filed more than two years after his sentencing, was properly dismissed as untimely.

¶ 37    Accordingly, a remand is necessary. Under Rule 651(c), the issue is not whether a defendant's claims have merit. *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 44. "The problem is that, when postconviction counsel does not complete the few duties imposed by the rule, the limited right to counsel conferred by the Act becomes illusory." *Id.*

¶ 38                                    III. CONCLUSION

¶ 39    For the reasons stated, we vacate the trial court's dismissal of defendant's petition. The cause is remanded with directions for the trial court to allow defendant leave to replead his postconviction petition and for further second-stage proceedings, with the assistance of

appointed counsel pursuant to section 122-4 of the Act (725 ILCS 5/122-4 (West 2016)). In addition, appointed counsel must fully comply with Rule 651(c).

¶ 40          Vacated and remanded with directions.