2020 IL App (2d) 190133-U
Nos. 2-19-0133 & 2-19-0134, cons.
Order filed October 19, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Winnebago County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No.  07-CF-3363 |
| | ) | |
| NOE GUADALUPE RIVERA, | ) | Honorable |
| | ) | Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Winnebago County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No.  07 CF 4087 |
| | ) | |
| NOE GUADALUPE RIVERA, | ) | Honorable |
| | ) | Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices McLaren and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: There was no merit to defendant's claim that postconviction counsel provided an unreasonable level of assistance by failing to amend defendant's *pro se* petition to

state (1) whether defendant asked trial counsel to appeal his convictions within 30 days of his fully negotiated guilty plea, (2) whether defendant wanted to withdraw his plea, and (3) whether any cognizable basis existed to withdraw the plea. Because counsel filed a Rule 651(c) certificate, we presume that counsel put the pertinent questions to defendant and received replies that negated any claim for relief; counsel had no duty to amend the petition to include counterproductive facts.

¶ 2     Defendant, Noe Guadalupe Rivera, appeals from the second stage dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2010)).   In this appeal, he contends that postconviction counsel failed to make necessary amendments to his *pro se* postconviction petition and therefore did not provide the reasonable assistance to which the Act entitled defendant.  He argues that postconviction counsel should have amended the petition to add factual allegations that *potentially* would have supported his claim that, after his guilty plea, trial counsel was ineffective for failing to act to perfect his appeal.  We conclude that the record does not exclude the possibility that the amendments that he contends were necessary would actually have been counterproductive and thus far from necessary.  As defendant failed to demonstrate that the amendments were necessary, we conclude that he has not shown that postconviction counsel provided less-than-reasonable assistance.  We therefore affirm the dismissal of defendant's petition.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was charged in case No. 07-CF-3363 with one count of obstructing justice (720 ILCS 5/31-4(a) (2006)), one count of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2006)), and one count of being an armed habitual criminal (720 ILCS 5/24-1.7 (West 2006)). In case No. 07-CF-4087, he was charged with one count of attempted murder (720 ILCS 5/8-4(a), 9-1 (a)(1) (West 2006), two counts of aggravated battery (great bodily harm) (720 ILCS 5/12-3, 5/12-4(a) (West 2006), and one count of aggravated battery (deadly weapon) (720 ILCS 5/12-3, 12-4(b)(1) (West 2006).

¶ 5      Defendant entered fully negotiated guilty pleas to being an armed habitual criminal and to attempted first-degree murder.  On August 11, 2009, in accord with the plea agreement, the court sentenced him to two consecutive terms of 12.5 years' imprisonment.  The court properly admonished him that, under Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), filing a motion to withdraw his plea within 30 days was a predicate to any appeal.  See Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001) (requiring the trial court to admonish defendant of Rule 604(d)'s requirements).  "Rule 604(d) requires a defendant who wishes to appeal from a judgment entered upon a guilty plea to first file a motion in the circuit court to withdraw his guilty plea within 30 days of sentencing." *People v. Edwards*, 197 Ill. 2d 239, 241 (2001).  Defendant did not file such a motion.

¶ 6      On November 11, 2009, defendant filed a *pro se* motion for leave to file a late notice of appeal.  We granted the motion but dismissed the appeal on the motion of counsel under the rule in *Anders v. California*, 386 U.S. 738 (1967).  We held that, because defendant did not file a postjudgment motion after the court gave him a proper admonishment concerning the requirement for such a motion, Rule 604(d) required dismissal.  *People v. Rivera*, No. 2-09-1197 (2011) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 7      On November 8, 2010, defendant filed a petition under the Act that stated, without elaboration, that "Petitioner asked his lawyer to file an appeal, but his lawyer failed to do so."  The petition also raised multiple claims, including one that defendant's guilty plea was involuntary.  He supported his petition with his own affidavit in which he averred:

>      "[A.] That I asked my lawyer to appeal my convictions in [these cases] because at the time of my arrest[,] I was a Rockford area homeowner/registered voter who had served jury duty not too long ago and felt that I was improperly convicted of being a felon, and I

also wanted to challenge the way the court denied my motion to suppress and the way the police searched my house.

[B.] My lawyer in the above-captioned cases failed to take the requisite necessary steps to have the above claims adjudicated on direct appeal"

The trial court dismissed this petition, ruling that it failed to state the gist of a constitutional claim.

¶ 8 On appeal, defendant argued that, under the primary holding in *Edwards*, his petition stated the gist of an ineffective-assistance-of-counsel claim based on counsel's failure to take the proper steps to perfect an appeal. Under *Edwards*, "a *pro se* defendant, even if he pled guilty, cannot be required to demonstrate how his appeal would have been successful in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal." (Emphasis omitted.) *Edwards*, 197 Ill. 2d at 253. Thus, where the record contains nothing to show that defense counsel reviewed the plea proceedings for error or consulted with defendant regarding grounds for an appeal before deciding not to file a motion to withdraw the guilty plea, a court must presume to be true a defendant's postconviction allegation that counsel simply ignored the defendant's request for an appeal. *Edwards*, 197 Ill. 2d at 253-54. The State in response conceded that *Edwards* was not distinguishable; we thus remanded the cause for further proceedings under the Act. *People v. Rivera*, No. 2-11-0379 (2012) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 9 On remand, the court appointed counsel for defendant. However, on March 7, 2014, retained counsel appeared on defendant's behalf. On May 27, 2016, retained counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) in which he stated that no amendments were necessary to the *pro se* postconviction petition.

¶ 10 The State moved to dismiss the petition, noting, among other things, that the petition did not allege that defendant made his request to counsel for an appeal within 30 days of his sentencing.

The State further argued that defendant had not alleged any basis for withdrawing the plea. Postconviction counsel filed a response that addressed one issue that the State had raised. However, counsel did not address the timing of defendant's request for an appeal or the merits of a motion to withdraw the plea. Moreover, at no point in the ensuing proceedings did postconviction counsel address defendant's claim that trial counsel had failed to perfect an appeal. The court dismissed defendant's petition, and he timely appealed.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant contends that postconviction counsel failed to provide a reasonable level of assistance in that counsel neglected to make certain necessary amendments to the *pro se* petition. Defendant claims that counsel should have amended the petition to state (1) whether defendant asked trial counsel to appeal his convictions within 30 days of his fully negotiated guilty plea, (2) whether defendant wanted to withdraw his plea, and (3) whether any cognizable basis existed to withdraw the plea. The State responds that defendant's assertion that the amendments were necessary is speculative given that he cannot show that the amendments would have supported his claim. In reply, defendant argues that the State errs by implying that we may deem that postconviction counsel's assistance was unreasonable only if defendant can demonstrate the underlying merits of his petition. He argues that that position is contrary to the supreme court's holdings in *People v. Suarez*, 224 Ill. 2d 37 (2007) and *People v. Turner*, 187 Ill. 2d 406 (1999).

¶ 13    We agree with the State that the need for amendments was speculative: defendant cannot show that counsel failed to make necessary amendments. This conclusion does not imply that we require that defendant must show the underlying merits of his petition. Defendant is correct that, if postconviction counsel fails to do what the Act requires of him or her, then, regardless of the underlying merits of the defendant's claims, we must vacate the dismissal and remand for further

proceedings. It is also true that one of counsel's duties under the Act is to make all necessary amendments. However, none of those propositions implies that postconviction counsel must make amendments to a *pro se* petition that, though faithful to historical fact, undermine the merits of the petition. In other words, as we explain, no duty exists to make amendments that simply improve the form or clarity of fatally flawed claims.

¶ 14 Defendant asserts that counsel necessarily should have amended his petition to provide particular facts. However, he has not demonstrated that adding those facts was necessary to the proper presentation of his claims. Indeed, the record is consistent with the possibility that those amendments would lay bare fatal flaws in his claim. The record is thus consistent with counsel's having made all necessary amendments to the *pro se* petition.

¶ 15 The Act provides for a three-stage process for adjudicating the merits of petitions. *People v. Lesley*, 2018 IL 122100, ¶ 31. "At the first stage, the circuit court determines whether the petition is 'frivolous or is patently without merit' " and dismisses it if it is. *Lesley*, 2018 IL 122100, ¶ 31 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2012)). Otherwise, the petition advances to the second stage. *Lesley*, 2018 IL 122100, ¶ 31. At the second stage, the State may choose, as it did here, to file a motion to dismiss the petition (or specific claims); if it does so, the court then holds a hearing on the motion. *People v. Alexander*, 2014 IL App (2d) 120810, ¶ 24. At that hearing, the court must "accept as true 'all well-pleaded facts that are not positively rebutted by the trial record.' " *Alexander*, 2014 IL App (2d) 120810, ¶ 25 (quoting *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006)). If the petitioner makes a substantial showing that a constitutional violation occurred, the petition advances to the third stage for an evidentiary hearing on the surviving claims. See *Alexander*, 2014 IL App (2d) 120810, ¶ 25. "The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition,

liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act." *People v. Sanders*, 2016 IL 118123, ¶ 31. Our review of the dismissal of a postconviction petition when it has occurred without an evidentiary hearing is *de novo*. *Sanders*, 2016 IL 118123, ¶ 31.

¶ 16   If the circuit court does not dismiss the petition at the first stage, an indigent petitioner is statutorily entitled to appointed counsel. *Lesley*, 2018 IL 122100, ¶¶ 31, 33. Under the Act, appointed counsel must learn the basis of the petitioner's complaints, shape those complaints into an appropriate legal form, and present them to the court. *Lesley*, 2018 IL 122100, ¶ 33; see *People v. Johnson*, 154 Ill. 2d 227, 237-38 (1993) (The Act "contemplates that the attorney appointed to represent an indigent petitioner will ascertain the basis of the petitioner's complaints, shape those complaints into appropriate legal form and present the prisoner's constitutional contentions to the court."). A postconviction petitioner has no constitutional right to counsel; the positive right to counsel in postconviction proceedings arises from the Act. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). For that reason, a postconviction petitioner is entitled only to the level of assistance required under the Act, namely "reasonable assistance." *Perkins*, 229 Ill. 2d at 42. "To assure the reasonable assistance required by the Act, Supreme Court Rule 651(c) imposes specific duties on postconviction counsel." *Perkins*, 229 Ill. 2d at 42. Rule 651(c) states in pertinent part:

"The record *** shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

A petitioner who retains counsel is entitled to the same reasonable representation as an indigent defendant with appointed counsel. *People v. Cotto*, 2016 IL 119006, ¶ 41.

¶ 17    Rule 651(c) requires not merely plausible amendments but "necessary" amendments. Certainly, satisfaction of the amendment requirement "does not require postconviction counsel to advance frivolous or spurious claims on [a] defendant's behalf." *People v. Greer*, 212 Ill. 2d 192, 205 (2004).  Indeed, for counsel to advance a petition that he has amended to include a frivolous claim violates counsel's duty to file only pleadings that are "grounded in fact and [are] warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law" (Ill. S. Ct. R. 137(a) (eff Jan. 1, 2018)).  *Greer*, 212 Ill. 2d at 205.

¶ 18    On the other hand, "necessary" amendments can include "routine" amendments that avoid specific bases for dismissal.  See *People v. Turner*, 187 Ill. 2d 406, 412-13, 414 (1999).  For instance, the supreme court in *Turner* held that postconviction counsel was unreasonable for not amending the *pro se* petition to allege that appellate counsel was ineffective for not bringing the claims on direct appeal.  The court observed that "[c]ounsel's failure to amend the post-conviction petition to allege ineffective assistance of appellate counsel prevented the circuit court from considering the merits of petitioner's claims and directly contributed to the dismissal of the petition without an evidentiary hearing." *Turner*, 187 Ill. 2d at 413

¶ 19    Compliance with Rule 651(c) is mandatory and may be shown by the filing of a certificate meeting the criteria of the subsection (c). *Perkins*, 229 Ill. 2d at 50.  Counsel's filing of a certificate creates a rebuttable presumption that counsel has indeed complied with the rule, and defendant bears the burden on appeal of overcoming that presumption. *E.g.*, *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 30.  Our review of whether counsel has complied with Rule 651(c), like our review of a second-stage dismissal, is *de novo*.  *Gallano*, 2019 IL App (1st) 160570, ¶ 26.  Because

appointed and retained postconviction counsel have the same duties under the Act, we here give retained counsel's certificate the same effect as one file by appointed counsel, so that a presumption exists that counsel made all necessary amendments. Defendant here fails to overcome that presumption.

¶ 20    As we noted, the *Edwards* court held that, to avoid dismissal at the first stage, a petition claiming that plea counsel failed to perfect an appeal generally needs to state only that the petitioner asked for an appeal and that counsel ignored the request. *Edwards*, 197 Ill. 2d at 253-54. The precedents underlying the holding in *Edwards* included the United States Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Under *Flores-Ortega*, to make a showing of a constitutional violation based on counsel's failure to perfect an appeal, a defendant must "demonstrate a reasonable probability that, 'but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' " *Edwards*, 197 Ill. 2d at 252 (quoting *Flores-Ortega*, 528 U.S. at 484). That is, "although prejudice [from the loss of the opportunity to appeal] was presumed, the defendant still had to show that counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal.' " *Edwards*, 197 Ill. 2d at 252 (quoting *Flores-Ortega*, 528 U.S. at 484). Thus, under *Flores-Ortega*, a "defendant would have to demonstrate a reasonable probability that, 'but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' " *Edwards*, 197 Ill. 2d at 252 (quoting *Flores-Ortega*, 528 U.S. at 484). The *Edwards* court concluded that *Flores-Ortega* establishes that "a *pro se* defendant, even if he pled guilty, cannot be *required* to demonstrate how his appeal would have been successful in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal." (Emphasis in original.) *Edwards*, 197 Ill. 2d at 253.

¶ 21    The *Edwards* court noted that it was holding only that the court erred in dismissing the defendant's petition at the first stage, not that he was entitled to an evidentiary hearing on his claim.

> "To merit an evidentiary hearing on his claim that he told his trial counsel to file a motion to withdraw his guilty plea and that counsel was constitutionally ineffective for failing to do so, [the] defendant will have to make a substantial showing to that effect. [Citation.] Such a showing will necessarily entail some explanation of the grounds that could have been presented in the motion to withdraw the plea. Since [the] defendant will be at the second stage of the post-conviction proceedings and will be represented by an attorney, rather than proceeding *pro se,* this will not present an unreasonable burden." *Edwards*, 197 Ill. 2d at 257-58.

We note that the petition in *Edwards* stated only that the defendant had asked that counsel file an *appeal* (*Edwards*, 197 Ill. 2d at 242), but the *Edwards* court recognized that, because of the requirements of Rule 604(d), postconviction counsel would have to shape this claim into one that trial counsel failed to file a motion to withdraw the guilty plea.

¶ 22    Defendant argues that counsel provided unreasonable assistance under the standards of the Act by failing to make necessary amendments to his *pro se* petition. Defendant concedes that his *pro se* petition "fell far short" of the requirements that Illinois courts have set out for when a claim such as his should advance to the third stage. He says:

> "Nowhere did the petition allege that [defendant] wanted to withdraw his guilty plea or that he would not have entered a guilty plea if he received effective assistance of counsel. Nor did it specify that [defendant] told his attorney to file a motion to withdraw his guilty plea or on what basis he wanted to do so."

He states that postconviction counsel's deficiencies included "fail[ing] to even amend the petition with easily-verifiable information, such as if [he] asked his attorney to appeal within 30 days of the guilty plea or if [he] even wanted to withdraw his fully-negotiated guilty plea."

¶ 23    The fundamental defect in defendant's argument is that he fails to explain how we are to distinguish between deficiencies in postconviction counsel's performance and weaknesses inherent in defendant's claim. Assume for the sake of argument that postconviction counsel did ask defendant whether he told trial counsel to file an appeal within 30 days and did ask defendant whether he had then wanted to withdraw his plea. Indeed, we are to presume, from counsel's filing of the Rule 651(c) certificate, that he made those relevant inquiries of defendant. We further presume that the answers counsel received were not helpful to defendant's claim or else he would have incorporated them into the petition. For all the record tells us, defendant may not have expressed an interest in an appeal until more than 30 days had passed, so that any motion to withdraw the plea would be untimely. Similarly, defendant may have told postconviction counsel that he had never been willing to withdraw his plea. Defendant's argument, taken literally, implies that counsel should have amended the petition to include those negative facts. But, of course, so amending the petition would not have been consistent with shaping defendant's complaints into appropriate legal form (*Johnson*, 154 Ill. 2d at 238). Counsel has no duty to make amendments that sabotage defendant's claim.

¶ 24    Defendant, however, suggests that postconviction counsel's deficient performance is evident from some particularly oblique language in the sur-reply to the State's motion to dismiss the petition. Rather than stating what defendant said about his discussions with counsel, the sur-reply used an odd passive formulation: "That it is believed that the Defendant['s] *** argument as to his request for his attorney to file an appeal on his behalf is confined to his discussions with his

attorney of record Shelton Green." Defendant argues that, to perform reasonably, counsel "needed to amend the petition to indicate if [defendant] told Mr. Green to file a motion to withdraw the guilty plea." But the odd language in the sur-reply could hint at why counsel declined to amend the petition. Defendant contends that "it is believed" refers to the beliefs of postconviction counsel and that it was unreasonable that counsel set out his beliefs rather than defendant's statements. However, counsel may have used that oblique formulation to avoid stating outright that *defendant* was the one who merely "believed" that he had spoken to Green and that defendant lacked any positive recollection of the conversation.

¶ 25    We have considered whether, under the rule in *Turner*, the Act required counsel to make routine amendments to avoid a procedural bar. We conclude that he did not. The flaws in defendant's claims were not the result of a simple procedural bar. Under Rule 604(d), a motion seeking to withdraw the guilty plea is fundamental to the process for appealing after a negotiated guilty plea. Issues of whether defendant was willing to seek withdrawal of his plea and whether grounds existed for the withdrawal are part of the *substance* of an *Edwards*-type claim (*Edwards*, 197 Ill. 2d at 257-58). *Turner* is thus distinguishable.

¶ 26    Defendant points out that, under the supreme court's holding in *Suarez*, when postconviction counsel fails to comply with the Act's requirements, we must remand for further second-stage proceedings regardless of the merits of the petition. *Suarez*, 224 Ill. 2d at 47. *Suarez* is distinguishable. The issue there was whether the failure to file a certificate under Rule 651(c) can ever be harmless. Postconviction counsel in *Suarez* failed to file a Rule 651(c) certificate (*Suarez*, 224 Ill. 2d at 41); counsel thus did not certify that she consulted with the defendant or had examined the record. Counsel *did* amend the petition: she expanded upon an original claim in the *pro se* filing and also added a new claim. *Suarez*, 224 Ill. 2d at 43-44. It was in that context that

the *Suarez* court stated, "This court has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." *Suarez*, 224 Ill. 2d at 47. The *Suarez* did not, however, suggest that every petition requires amendment. Rather, it said that counsel must consult with the prisoner either by mail or in person, ascertain his or her alleged grievances, examine the record of proceedings at the trial, and amend the petition where *necessary*. *Suarez*, 224 Ill. 2d at 46. Nothing in *Suarez* is inconsistent with *Greer*'s holding: that "[f]ulfillment of the [amendment] obligation *** does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf" and that, "[i]f amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary.' " *Greer*, 212 Ill. 2d at 205.

¶ 27    We therefore hold that postconviction counsel fulfilled his duties under Rule 651(c) and that the trial court did not err in dismissing defendant's petition at the second stage.

¶ 28                            III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 30    Affirmed.