2023 IL App (1st) 200914-UB

Order filed: November 9, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-20-0914

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 02949 |
| | ) | |
| CEASAR CAMAYO, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Dismissal of defendant's postconviction petition at the second stage is reversed, and this matter is remanded for further second-stage proceedings, where defendant overcame the presumption that he was provided his statutory right to the reasonable assistance of postconviction counsel.

¶ 2    Defendant-appellant, Ceasar Camayo, appeals from the second-stage dismissal of the postconviction petition he filed pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq*. (West 2020)). For the following reasons, we reverse and remand for further second-stage proceedings.

¶ 3    On January 25, 2010, defendant was arrested following an incident involving an on-duty Chicago Police officer who was driving in his unmarked vehicle. Defendant was charged with

multiple offenses, including two counts of attempted first-degree murder of a peace officer, two counts of attempted first-degree murder, and four counts of aggravated discharge of a firearm.

¶ 4     At trial, Chicago Police Officer Eric Wier testified that at about 3:30 p.m. on January 25, 2010, he was traveling southbound on the 4700 block of South Throop Street in Chicago. Officer Wier was on covert patrol, wearing civilian clothing, a bulletproof vest, and his police badge around his neck. He was driving an unmarked Dodge Stratus when he came upon a gray sport utility vehicle (SUV) that was stopped and partially blocking the one-way street. Officer Wier stopped several feet back and waited for the SUV to proceed. While he waited, Officer Wier observed a man, whom he later identified in court as defendant, standing outside the passenger side of the SUV speaking to the occupant of that vehicle through the open passenger door. Officer Wier could clearly see defendant's face and noticed a distinctive teardrop tattooed under his right eye. After a short time, Officer Wier honked his horn and motioned for the SUV to move out of his way. Defendant turned to face Officer Wier and moved his hands forward with his thumbs up and his palms outstretched, then walked toward the rear of the SUV. At this time, defendant pulled from his coat a blue steel revolver and aimed it at Officer Wier. As Officer Wier accelerated around the left side of the SUV, defendant moved to the front of the SUV and fired a shot toward Officer Wier. When this shot was fired, Officer Wier's vehicle was "even" with the SUV. As he fled the area traveling southbound, Officer Wier heard another four or five shots being fired toward the rear of his vehicle. Officer Wier sped around the block to 47th and Throop Streets to radio for help. Officer Wier subsequently viewed a lineup and identified defendant as the man who shot at him.

¶ 5     The State also presented evidence at trial of a prior incident involving defendant, pursuant to a motion *in limine* filed by the State in anticipation of an alibi defense raised pretrial in which defendant indicated he would claim that he was at home watching the child he had with his

girlfriend at the time of the shooting. That prior incident occurred in 2006, when defendant shot at and wounded Alan Leslie. Following his arrest for that shooting, defendant denied any knowledge of the incident. However, defendant later admitted he was present at the scene, but that he did not fire the shots. Officer Michael O'Donnell, a detective assigned to the homicide division of the Chicago Police Department, testified that in 2006 he investigated the shooting of Leslie. Officer O'Donnell testified that defendant changed his story three times as to his whereabouts during the time of that shooting, including making a claim that he was with his girlfriend. Defendant ultimately pleaded guilty to a single count of aggravated battery.

¶ 6     After the State rested, the parties agreed to a stipulation as to evidence surrounding gunshot residue (GSR) testing. The parties stipulated that defendant was taken into custody on January 25, 2010, at 4:58 p.m., a GSR test was administered to defendant on that same date at 6:45 p.m., and a proper chain of custody was maintained. The parties further stipulated that Scott Rochowicz, an Illinois State Police crime lab technician, would testify that he administered the GSR test to defendant's hands and his clothing, that the GSR test results showed "[defendant] may not have contacted a PGSR-related item," and that he may not have been in the environment of a discharged firearm. Additionally, it was stipulated that the tests showed defendant may not have discharged a firearm with either hand. Finally, the parties stipulated that Mr. Rochowicz would testify that if defendant had discharged a firearm, the particles had been removed by activity, or had not been detected by the procedure.

¶ 7     The defense rested without presenting any testimony. After hearing closing arguments, the trial court found defendant guilty of two counts of aggravated discharge of a firearm and sentenced him to two concurrent terms of 10 years' imprisonment.

¶ 8     Defendant filed a direct appeal in which he asserted—*inter alia*—that the trial court improperly relied on personal knowledge as to the significance of the negative results of the GSR test. *People v. Camayo*, 2013 IL App (1st) 111168-U, ¶ 10. Because defendant had not properly preserved this issue for appeal, this court reviewed the matter for plain error and in relevant part concluded that: "Based on the strength and certainty of Officer Wier's eyewitness identification, which was never rebutted or discredited, the evidence cannot be deemed closely balanced for plain-error review." *Id*. ¶13. Defendant's convictions were affirmed. *Id*. ¶ 28.

¶ 9     On March 25, 2014, defendant filed a *pro se* postconviction petition raising numerous claims, including assertions that his trial counsel was ineffective for failing to investigate or present testimony from potential witnesses who had been identified in police reports, and appellate counsel was ineffective for not raising a challenge to the admission of the other-crimes evidence on direct appeal.

¶ 10     Defendant also specifically claimed that trial counsel was ineffective for failing to investigate a potential alibi witness named Alexandra Mendoza, who had been defendant's girlfriend at the time of the charged incident. He alleged that Mendoza would have been able to testify that, before the shooting, she left defendant at home to take care of their newborn son and another young relative while she took her oldest son to a medical clinic. At 3:50 p.m., after hearing shots fired and confronting the shooter, defendant called Mendoza and warned her to be careful on her way home because there had been a shooting. The petition alleged that defendant told trial counsel to speak to Mendoza but that he refused, saying that he was not going to waste his time looking for her. It further alleged that Mendoza had called trial counsel repeatedly and left him messages seeking to speak with him about what she knew but that counsel neglected those calls and messages. Defendant supported this claim with his own affidavit averring counsel's awareness

of Mendoza as a possible witness. Although he did not attach an affidavit from Mendoza to the petition, defendant explained that he was unable to obtain one because they had broken up and she had not spoken to him in three years.

¶ 11    In a written order entered on June 18, 2014, the trial court addressed each of the numerous claims raised in the petition and summarily dismissed the petition as frivolous and patently without merit. As to defendant's several claims that trial counsel had failed to conduct an effective investigation of the case, including a claim that counsel had not interviewed individuals who lived or were near the scene of the shooting, the trial court found that the claims were speculative and did not result in prejudice because this court had found the evidence was not closely balanced on direct appeal.

¶ 12    On appeal from that decision, defendant argued that his petition was improperly dismissed because it set forth arguably meritorious claims of ineffectiveness of trial counsel for failure to investigate and present testimony of the individuals who made statements to the police, as well as arguably meritorious claims of ineffectiveness of appellate counsel for failure to raise the issue of other-crimes evidence. *People v. Camayo*, 2013 IL App (1st) 142349-U, ¶ 13. After concluding that defendant raised an arguable claim that his trial counsel was ineffective for failing to investigate witnesses, this court concluded that the petition was sufficient to withstand summary dismissal at the first stage and we therefore remanded for second-stage proceedings. *Id*. ¶¶ 26-27. We did not address defendant's claim of ineffectiveness of appellate counsel since partial summary dismissals of postconviction petitions are not permitted. *Id*.

¶ 13    After the case was remanded, defendant sent his appointed attorney a letter that contained an affidavit from Mendoza. Mendoza's affidavit averred that, at around 12:45 p.m. on the date of the charged incident, she left defendant at home to watch their newborn baby and a four-year-old

boy while she took her older son to a medical clinic. At 3:50 p.m., while she was still at the clinic, defendant called her and told her to be careful on her way home because there had been a shooting nearby. She arrived home at 4:15 p.m. and watched television with defendant while the two older boys played. At 5:00 p.m., police kicked in their back door and entered their home, eventually arresting defendant. After defendant was arrested, Mendoza repeatedly called defendant's trial counsel to give him this information, but her calls and messages were never returned.

¶ 14    New postconviction counsel was assigned to represent defendant in October 2018, as his prior counsel was leaving the public defender's office. The transcript from the hearing conducted on that date indicates that defendant's new counsel would be contacting defendant's prior postconviction counsel and reviewing prior counsel's case file, and the transcript from the following hearing indicates that defendant's new and prior postconviction counsel had been in communication. In August 2019, postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), stating that he had consulted with defendant concerning his allegations, had examined the appellate record, and had "conducted additional investigation in this case as it pertain[ed] to his post-conviction petition." The certificate also stated that counsel had not prepared a "[s]upplemental" postconviction petition because defendant's *pro se* petition "adequately set[] forth [his] claims of deprivation of his constitutional rights."

¶ 15    In March 2020, the State filed a motion to dismiss defendant's unamended postconviction petition. With respect to the claim that trial counsel had failed to investigate Mendoza, the State argued that because the petition did not have Mendoza's affidavit attached to it that claim was not properly supported, and it was therefore impossible to determine how the outcome at trial might have been different had she testified. The State also argued that the trial court's admission of evidence concerning the unrelated 2006 incident was not error and that, in any event, any allegation

of error had not been properly preserved in the trial court. Finally, the State argued that, because the issue about the other-crimes evidence (and other issues identified in defendant's petition) lacked merit, appellate counsel had not been ineffective for failing to raise them.

¶ 16    Postconviction counsel did not amend the *pro se* petition or attach any new evidence in response to the State's motion to dismiss, nor did he file a new Rule 651(c) certificate. In July 2020, the court held a hearing on the State's motion to dismiss. At that hearing, postconviction counsel stated that he would "not be filing any additional materials" because he "could not find any further evidence that could be useful" to defendant. During its argument, the State highlighted the absence of an affidavit from Mendoza, and it argued that the absence of any "outside evidence to support the [postconviction] petition" meant that defendant could not show that he was prejudiced by trial counsel's failure to investigate or call witnesses. The trial court granted the State's motion and dismissed Defendant's petition.

¶ 17    Defendant timely appealed, and in a prior order this court affirmed. *People v. Camayo*, 2022 IL App (1st) 200914-U. Defendant first contended on appeal that his petition was improperly dismissed at the second stage because his petition "made a substantial showing that he was denied his constitutional right to the effective assistance of counsel on direct appeal when appellate counsel failed to challenge the trial court's ruling permitting the State to adduce evidence about the 2006 shooting unrelated to the charged offense." *Id*. ¶ 20. This court rejected that argument after concluding that defendant had failed to show a reasonable probability that but for appellate counsel's purported errors the result on direct appeal would have been different. *Id*. ¶¶ 25-32.

¶ 18    Defendant also asserted that "he was denied his statutory right to the reasonable assistance of postconviction counsel when appointed counsel failed to support defendant's claims regarding trial counsel's failure to contact Mendoza or present her testimony by supplementing defendant's

petition with Mendoza's affidavit." *Id*. ¶ 33. We rejected this argument after concluding that postconviction counsel's filing of a certificate pursuant to Rule 651(c) gave rise to a rebuttable presumption that postconviction counsel provided reasonable assistance during second-stage proceedings under the Act, and defendant failed to overcome that presumption by demonstrating any possible prejudice resulting from the failure to supplement defendant's petition with Mendoza's affidavit. *Id*. ¶¶ 36-39.

¶ 19     Defendant thereafter filed a petition for leave to appeal with our supreme court. In a supervisory order entered on September 27, 2023, our supreme court denied defendant's petition for leave to appeal but directed this court to vacate our prior judgment and to consider the effect of its opinion in *People v. Addison*, 2023 IL 127119, "on the issue of whether defendant received reasonable assistance of postconviction counsel and determine if a different result is warranted." *People v. Camayo*, No. 129120 (Ill. Sept. 27, 2023). Having vacated our prior decision in a previously entered order, we now revisit this appeal.

¶ 20     The Act "provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. [Citations.] A postconviction action is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings." *People v. Tate*, 2012 IL 112214, ¶ 8. The petition may be dismissed at the first stage if it is frivolous or patently without merit, otherwise it advances to the second stage. 725 ILCS 5/122-5 (West 2020). At the second stage, the defendant must make a substantial showing of a deprivation of constitutional rights or the petition is dismissed. *People v. Dupree*, 2018 IL 122307, ¶ 28. If such a showing is made, the postconviction petition advances to the third stage where the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2018).

¶ 21　　"At the second stage of postconviction proceedings, the State may file a motion to dismiss the petition." *People v. Graham*, 2012 IL App (1st) 102351, ¶ 31. A petition may be dismissed at the second stage only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). A second-stage dismissal of a postconviction petition is reviewed *de novo*. *People v Coleman*, 183 Ill. 2d 366, 389 (1998).

¶ 22　　As noted above, on appeal defendant asserts both that his petition was improperly dismissed at the second stage because his petition made a substantial showing that he was denied his constitutional right to the effective assistance of counsel on direct appeal and that he was denied his statutory right to the reasonable assistance of postconviction counsel. While in our prior order we addressed both issues, considering our supreme court's supervisory order and its opinion in *Addison*, 2023 IL 127119, we now find the latter issue to be completely dispositive of this appeal.

¶ 23　　With respect to his argument that he was denied his statutory right to the reasonable assistance of postconviction counsel, defendant specifically contends:

> "In this case, Cesar Camayo alleged that trial counsel was ineffective for failing to investigate a witness who would have testified that Camayo was at home with their child at the time of the charged shooting. The record shows that an affidavit from that witness was available to [counsel], but he inexplicably failed to attach it to Camayo's petition. The failure of [counsel] to obtain and attach available evidence in support of the petition's claims, accordingly, deprived Camayo of his right to the reasonable assistance of counsel."

¶ 24　　Under the Act, counsel appointed at the second stage must provide a reasonable level of assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). To provide a reasonable level of assistance, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), provides that postconviction counsel: (1)

consult with defendant—either by mail or in person—to ascertain his claims of deprivation of constitutional rights; (2) examine the trial record; and (3) amend the *pro se* petition where necessary for an adequate presentation of defendant's contentions. *Suarez*, 224 Ill. 2d at 42. Postconviction counsel's compliance with Supreme Court Rule 615(c) is mandatory and generally shown by the filing of a certificate averring to such performance. *People v. Perkins*, 229 Ill. 2d 34, 50 (2007).

¶ 25 The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance during second-stage proceedings under the Act. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. The burden is on the defendant to overcome this presumption by demonstrating that postconviction counsel failed to substantially comply with the duties imposed by Rule 651(c). *Jones*, 2011 IL App (1st) 092529, ¶ 23. The presumption of compliance may be rebutted by the record. *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007). Where postconviction counsel fails to comply with the requirements of Rule 651(c), the proper remedy on appeal is to remand for further postconviction proceedings. See *Suarez*, 224 Ill. 2d at 47 (recognizing that our supreme court "has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit."). Our review of postconviction counsel's compliance with Rule 651(c) is *de novo*. *Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 26 First, we agree with the State that a rebuttable presumption that postconviction counsel provided reasonable assistance during the second-stage proceedings below was created by the filing of a Rule 651(c) certificate. *Jones*, 2011 IL App (1st) 092529, ¶ 23. As such, it is defendant's burden to overcome this presumption by demonstrating that postconviction counsel failed to

substantially comply with the duties imposed by Rule 651(c). *Id.* A defendant may do so "by, *inter alia*, demonstrating that postconviction counsel did not make all necessary amendments to the *pro se* petition. *** This includes making amendments that are necessary to overcome procedural bars." *Addison*, 2023 IL 127119, ¶ 21.

¶ 27    Postconviction petitions must comply with section 122-2 of the Act, which provides that "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2020). As such, where defendant raises a postconviction claim of ineffectiveness of trial counsel based on the failure to call a witness, the claim must be supported by an affidavit from the proposed witness or other evidence showing that the witness could have provided testimony favorable to defendant (*People v. Dupree*, 2018 IL 122307), or shall state why the affidavit or other evidence was not attached (725 ILCS 5/122-2 (West 2020)). The failure to attach the necessary supporting material or explain its absence is "fatal" to a postconviction petition and by itself justifies the petition's dismissal. *People v. Collins*, 202 Ill. 2d 59, 66 (2002).

¶ 28    Here, defendant's *pro se* postconviction petition included a claim that trial counsel was ineffective for failing to investigate Mendoza as a potential alibi witness. While the petition did not include an affidavit from Mendoza, it provided an explanation for the affidavit's absence. After this court remanded this matter for second-stage proceedings on the petition, defendant sent his appointed attorney a letter that contained an affidavit from Mendoza that included information potentially supportive of an alibi defense. The affidavit also included a claim that Mendoza repeatedly called defendant's trial counsel to give him this information, but her calls and messages were never returned.

¶ 29 Nevertheless, and even though this affidavit was available to new postconviction counsel and counsel explicitly stated he had reviewed the record, counsel did not prepare a supplemental postconviction petition because defendant's *pro se* petition purportedly "adequately set[] forth [his] claims of deprivation of his constitutional rights." Even in response to the State's motion to dismiss the petition which relied in part on the lack of an affidavit from Mendoza, postconviction counsel did not amend the *pro se* petition or attach any new evidence in response to the State's motion to dismiss. Nor did he file a new Rule 651(c) certificate. At a hearing on the motion to dismiss, postconviction counsel stated that he would "not be filing any additional materials" because he "could not find any further evidence that could be useful" to defendant.

¶ 30 On this record, we conclude that defendant has overcome the rebuttable presumption that postconviction counsel provided reasonable assistance during the second-stage proceedings below that was created by the filing of a Rule 651(c) certificate. Even though Mendoza's affidavit was available and necessary to comply with section 122-2 of the Act and avoid dismissal, postconviction counsel did not attach that affidavit to the *pro se* petition to overcome that procedural bar. *Addison*, 2023 IL 127119, ¶ 21. Postconviction counsel therefore failed to substantially comply with the duties imposed by Rule 651(c).

¶ 31 In our prior order, we concluded that defendant was nevertheless not entitled to any relief because he failed to demonstrate any possible prejudice resulting from the failure to supplement defendant's petition with Mendoza's affidavit, where the affidavit did not sufficiently support an alibi defense. *Camayo*, 2022 IL App (1st) 200914-U ¶¶ 36-39. In doing so, we relied on a line of cases standing for the proposition that where a Rule 651(c) certificate is filed and a defendant claims that postconviction counsel performed the Rule 651(c) duties deficiently or otherwise failed to provide reasonable assistance at the second stage, the defendant must show not only how the

attorney's performance was deficient or unreasonable but also what prejudice resulted from that deficiency. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004); *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 30; *People v. Landa*, 2020 IL App (1st) 170851, ¶ 58.

¶ 32    However, in its recent decision in *Addison*, 2023 IL 127119, ¶¶ 26, 35, our supreme court specifically rejected this line of cases. The court then reiterated that "when appointed counsel does not adequately fulfill his or her duties under Rule 651(c), a remand is required regardless of whether the petition's claims have merit." *Id*. ¶ 42. Considering the decision in *Addison* and postconviction counsel's failure to substantially comply with the duties imposed by Rule 651(c), we must remand this case for further second-stage proceedings.

¶ 33    We briefly address two final issues. First, while in our prior order we also affirmed the dismissal of defendant's claim of ineffective assistance of appellate counsel, that judgement has now been vacated. Furthermore, "it would not be appropriate to affirm the dismissal of the petition when counsel had not shaped the claims into the proper form." *Id.* ¶ 41. " 'Petitioner must be given an opportunity to replead his post-conviction petition with the benefit of reasonable assistance of counsel.' " *Id.*, quoting *People v. Turner*, 187 Ill. 2d 406, 417 (1999).

¶ 34    As such, our prior discussion of this issue should not serve as a guide to the parties or the court on remand. Rather, " 'we express no opinion on the merit of the claims in petitioner's post-conviction petition or even whether an evidentiary hearing on his claims would be appropriate in this case. On remand, the trial court will have an opportunity to evaluate the claims in petitioner's post-conviction petition once petitioner's counsel has made any amendments to the petition which are necessary for an adequate presentation of petitioner's contentions.' " *Id.*

¶ 35    Second, defendant has requested that new postconviction counsel be appointed to represent him on remand. We agree with and grant that request. *People v. Schlosser*, 2017 IL App (1st)

No. 1-20-0914

150355, ¶ 36 (postconviction counsel's failure to provide a reasonable level of assistance requires appointment of new counsel on remand).

¶ 36    For the foregoing reasons, the judgment of the circuit court is reversed, and this matter is remanded for further second-stage postconviction proceedings with the appointment of new counsel and compliance with Rule 651(c).

¶ 37    Reversed and remanded.